Argued June 6, reversed with instructions November 13, 1969

SANDBLAST, *Appellant, v.* WILLIAMS et al,
*Respondents.*
460 P. 2d 1014

*L. B. Sandblast,* Portland, argued the cause and filed briefs for appellant.

*Clifford E. Nelson,* Portland, argued the cause and filed a brief for respondent Williams. *Donald R. Stark,* Portland, argued the cause for respondent Reid. With him on the brief was Preston C. Hiefield, Jr., Portland.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

This is a partition suit; however, the issues are not those ordinarily encountered in a suit for partition.

The defendant Frances Williams and her then hus-

band, Charles, purchased real property on contract. The Williams later were divorced and Charles transferred his interest in the contract to Frances and the transfer was recorded. After Mrs. Williams defaulted in her payments to the vendors, the vendors brought a foreclosure suit. In settlement of the suit Mrs. Williams delivered a quitclaim deed for the property to the vendors' attorney, the deed to be delivered to the vendors in 60 days if Mrs. Williams was unable to pay the contract balance during that period. During the 60-day period the improvements on the property burned and the insurance proceeds were more than sufficient to pay the contract balance. Charles Williams retained plaintiff, an attorney, to prevent the delivery of the quitclaim deed to the vendors. Plaintiff brought suit against the vendors, naming as plaintiffs both Charles Williams and Frances Williams, and denominating them as owners and husband and wife. Plaintiff states that Charles represented to him that those were the facts.

The lawsuit of the Williams was heard and the court found for plaintiff. It refused to delete Charles Williams as a party and ordered the vendors to deliver a deed naming Charles and Frances Willams as grantees. While Frances objected to this, she did not appeal from the order and the deed was so delivered and recorded. A number of judgments against Charles Williams for debts incurred after his divorce were made liens against Charles' interest in the property. The most substantial was that of the defendant Reid. Charles Williams subsequently again conveyed all his interest to Mrs. Williams.

When Charles Williams engaged plaintiff as his attorney he entered into a contingent fee agreement whereby he agreed to transfer a portion of the prop-

erty in controversy to plaintiff. Mrs. Williams ratified the agreement and delivered a deed of a one-third interest in the property to plaintiff. Mrs. Williams also agreed to reimburse plaintiff for any taxes he might have to pay to avoid a tax foreclosure on the property.

Plaintiff brought this partition suit against his cotenant, Mrs. Williams, and those claiming liens on the property. All parties seemed to agree that the property could not be divided and should be sold. It was ultimately sold for a gross sales price of $7,500, but the record does not show the expenses of the sale. Nevertheless, it can be ascertained that the $600 in taxes repaid plaintiff and the expenses, plus the encumbrances that were ordered to be paid, amount to approximately $3,000. The net proceeds, therefore, are approximately $4,500. In addition to ordering that plaintiff be reimbursed for the taxes he paid, the trial court awarded him $800 as his share of the net proceeds. Plaintiff contends that he is entitled to one-third of the gross proceeds.

The trial court set aside the fee agreement because it was "unconscionable." We doubt that the trial court intended by this to infer that the agreed contingent fee was so high for the services to be performed that it was an unconscionable fee. Rather, we believe that the trial court was holding that the plaintiff had breached his contract by his failure to competently perform and it would be unconscionable to permit him to recover the one-third fee. This would have been a sound basis upon which to deny plaintiff his claim had defendant not waived whatever right she may have had to resist plaintiff's claim upon the ground that his representation was incompetent or his fee unconscionable.

The first trial was in March 1963. Mrs. Williams was present and testified. Pursuant to the decree in that case, dated March 8, 1963, a deed to her and Charles Williams was executed by the vendors and recorded in that same month. On March 6, 1963, she signed the contingent fee agreement already executed by Charles, and, on May 13, 1963, executed a written ratification of the fee arrangement which provided in addition that plaintiff could pay all taxes due on the property and that she would reimburse him. On the latter date she also executed a deed conveying a one-third interest in the property to plaintiff.

At the close of the first case the trial court told Mrs. Williams that the court did not believe her testimony that she did not in fact continue to be Charles Williams' wife although she obtained a divorce and was directing that the deed name both her and Charles Williams as grantees and in addition it was ordering Reid's lien against Charles Williams to be paid out of the property.

These circumstances show that Mrs. Williams agreed to and did convey the one-third interest notwithstanding her prior knowledge that Charles Williams was included in the deed with the consequence that some of his creditors would have a lien upon the property.

■ A waiver is a "voluntary relinquishment of a right." *Cross v. Campbell*, 173 Or 477, 493, 146 P2d 83 (1944). If the waiver is of the right to object to defective performance of a contract, it is only effective if the party waiving was aware of the failure of the performance at the time the waiver took place. *Rogue River Assn. v. Gillen-Chambers Co.*, 85 Or 113, 120,

151 P 728, 165 P 679 (1917).[1] This condition is met in the case at bar. When defendant ratified the fee contract, she waived her right to object to its enforcement on the ground that defendant's prior performance was defective because she was at that time fully aware of the nature of these services.

■■ Plaintiff contends his one-third should be of the gross proceeds of the property before any amount of the lien of Reid is deducted therefrom. He bases his contention upon the proposition that Charles Williams' interest was equitable and a judgment lien does not attach to equitable interests. Assuming plaintiff's latter proposition is a correct statement of the law, it is not applicable in this case. Charles Williams' interest was legal; he had record title. The interest could be enforced in law and was not "a mere right or interest which can only be asserted or enforced in a court of equity." *Pogue v. Simon,* 47 Or 6, 7, 81 P 566, 114 Am St Rpts 903 (1905). The liens against Charles' interest affect the interest of plaintiff because they attached before the conveyance to plaintiff took place.

■ The trial court ordered that the plaintiff be reimbursed in the amount of the ad valorem taxes paid on the property but denied his claim for interest. We hold that plaintiff is entitled to interest from the date he paid the taxes. ORS 82.010.

Reversed with directions to enter a decree in accordance with this opinion.

Costs to neither party.

---

[1] We do not find it necessary to consider the various definitions of waiver. Steiner, Inc. v. Hill, 191 Or 391, 401, 226 P2d 307, 230 P2d 537 (1951).