*[1233]
 
 THORNTON, J.
 

 Plaintiffs appeal from the dismissal of their Forcible Entry and Detainer (FED) action against defendant corporation to recover possession of a parcel of commercial property. The property was originally leased to defendant’s assignors under a written lease executed in 1965. In 1971 the lease was assigned to defendant. The premises were actually occupied by third persons who operated various separate businesses therein.
 

 Plaintiffs contended that they were entitled to recover possession because defendant breached its covenant to pay the real property taxes.
 

 Following a trial to the court, the court granted defendant’s motion for involuntary nonsuit and entered an order of dismissal on the following grounds:
 

 (1) Plaintiffs failed to prove their standing as real parties in interest; (2) the evidence showed that third persons, not defendant, were in possession; (3) the required statutory notice was not served; and (4) defendant had in fact paid the taxes prior to trial.
 

 Plaintiffs assign as error each of the above.
 

 The following additional facts should be stated:
 

 The lease required the lessee to pay the real property taxes, but did not provide that they be paid when due or before they became delinquent. The taxes were not paid for three years and the 1976-77 taxes were not paid when due.
 

 At the time the action was filed the taxes in issue had not been paid. However, the registered agent of defendant testified that he paid them in full himself three days later.
 

 Assuming that it may be implied that the taxes were to be paid when due, the timeliness requirement had been waived by failure of lessors to enforce it for over three years. By December of 1976 the aggregate
 
 *[1234]
 
 amount of unpaid taxes exceeded $14,000, and on December 15, 1976, plaintiffs wrote defendant demanding that the taxes be paid. The letter concluded with the statement that,
 

 “* * * Unless the default is cured within 30 days from the receipt of this letter, my client will proceed to exercise the remedies under the lease.”
 

 Assuming further that the failure to pay the taxes was a default prior to the reinstatement of the "pay when due” requirement (which we have assumed, arguendo, may be implied), the lessors would have the right to terminate the lease if that default were not cured within 30 days.
 
 [1]
 
 But lessors did not follow the December 15 letter with a letter advising defendant of a termination of the lease. Instead, plaintiffs wrote defendant’s assignor, the original lessee, on January 18,1976, demanding payment of the taxes, and stating that if arrangements were not made for their payment, "we will be obliged to proceed as necessary against you and Gina Belmonte, Corp. jointly and severally.”
 

 The January 18 letter did not state that plaintiffs had terminated the lease; rather, it recognized the lease’s existence. It may well be that plaintiffs were most concerned at that time with making certain that the substantial amount of unpaid taxes was paid, and since the only asset defendant owned was the leasehold estate, plaintiffs considered it likely that their only hope of collection was from the original lessee. However, the original lessee presumably was in the position of surety at this point, and that if plaintiffs were successful in asserting their claim there was an implied agreement in the lease requiring
 
 *[1235]
 
 payment of the taxes when due, the original lessee, as surety, might successfully claim that it was released from liability because plaintiffs had changed the obligations under the lease by extending the time of payment of the taxes.
 
 See, Gerber v. Pecht,
 
 15 NJ 29, 104 A2d 41 (1954);
 
 Walker v. Rednalloh Co.,
 
 299 Mass 591, 13 NE2d 394 (1938).
 

 Whatever the reason, plaintiffs did not follow their December 15 letter with a notice terminating the lease, and at the time the FED proceeding was commenced on February 8, 1977, the lease had not been terminated. Accordingly, unless we can say that the filing of the action was adequate as a termination, possession of the premises was not "held by force” within the meaning of the FED statutes.
 

 A FED action is a special statutory proceeding, summary in its nature; it is in derogation of the common law and must be strictly construed.
 
 Schroeder v. Woody,
 
 166 Or 93, 96, 109 P2d 597 (1941). In that case, the court quotes with approval 22 Am Jur 934, Jurisdiction § 35 (1939), as follows:
 

 " 'Since the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be coram non judice and void. Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction.’ ”
 

 See also, Fry v. D. H. Overmyer Co., Inc.,
 
 269 Or 281, 302, 525 P2d 140 (1974);
 
 Goodin v. King,
 
 192 Kan 304, 387 P2d 206 (1963);
 
 Vogel v. Bacus,
 
 133 Conn 95, 48 A2d 237, 169 ALR 910 (1946).
 

 Our FED statutory scheme requires a notice terminating the tenancy or a notice to quit
 
 prior to
 
 
 *[1236]
 
 commencement of the FED proceeding. ORS 105.110 provides that when possession of premises is "held by force,” the person entitled to the premises may maintain a FED to recover the possession thereof. ORS 105.115(1) provides that
 

 "* * * the following are causes of unlawful holding by force within the meaning of ORS 105.110 * * *:
 

 * * * *
 

 "(b) When the lease by its terms has expired and has not been renewed,
 
 or when the tenant
 
 or person in possession * * *
 
 is holding contrary to
 
 any condition or covenant of the lease * * (Emphasis supplied.)
 

 ORS 105.120(1) provides:
 

 «* * * [A]n action for the recovery of the possession of the premises may be maintained * * *
 
 when the notice to terminate the tenancy or to quithas,
 
 been served upon the tenant * * (Emphasis supplied.)
 

 We note that plaintiffs do
 
 not
 
 contend that notice was not necessary, but contend only that the December 15 letter was adequate.
 

 Although we do not necessarily agree with all the grounds relied upon by the trial court in reaching its decision, nevertheless for the foregoing reasons we conclude that the court was correct in dismissing plaintiffs’ FED action.
 

 Affirmed.
 

 [1]
 

 The instant lease provided inter alia:
 

 "DEFAULT AND REMEDY
 

 "* * * [I]f * * * default shall not be cured within thirty (30) days after written notice thereof from Lessor to Lessee, then and in any of said events it shall be lawful for Lessor, at his option, to declare this lease terminated and re-enter the leased premises, and to expel therefrom Lessee or those occupying the leased premises * * *