Argued June 23, affirmed October 30, reconsideration denied
December 5, 1978, petition for review denied February 21, 1979, 285 Or 319

SKOURTES et al, *Respondents—Cross-Appellants,*
*v.*
SCHAER, *Appellant—Cross-Respondent.*
(No. 173-225, CA 9878)

585 P2d 703

Frank Wall, Portland, argued the cause and filed the briefs for appellant—cross-respondent.

Alex Christy, Portland, argued the cause and filed the briefs for respondents—cross-appellants.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this FED action, the defendant-tenant appeals from a judgment awarding possession of the residential premises in question to the plaintiff-landlord. The principal issue concerns the quality and quantity of notice necessary to terminate a residential tenancy.

The trial court's relevant findings of fact, which are supported by the record, are as follows:

"2. On August 10, 1977, [tenant] orally informed [landlord] that she intended to vacate the premises on or before September 1, 1977 and instructed [landlord] to apply the amount [landlord] held on deposit to cover the last month's rent.

"3. On August 12, 1977, [landlord] by letter confirmed [landlord's] acceptance of the [tenant's] oral notice to [terminate], waived written notice and waived the full 30 day notice period.[1]

"4. [Tenant] failed within a reasonable time to respond in writing or otherwise to [landlord's] letter of August 12, 1977."

Based on these findings, the trial court concluded that the tenant validly terminated the tenancy by giving oral notice which the landlord accepted in writing, waiving the right to written notice from the tenant and waiving the right to 30 days' notice from the tenant.

Identifying the issue the tenant raises on appeal is difficult. At times the tenant seems to contend that, even though she terminated the tenancy, the landlord cannot maintain this FED action without first giving separate and additional notice to her. At other times the tenant seems to contend that *her own termination*

---

[1] The landlord's August 12 letter stated in part:

"I have been thinking about your comments on 8-10-77, and have decided that although you have decided that although you have not given me a written 30 days notice, that I will agree to be waived and to apply your last months rent to meet your legal obligation. I'm accepting your verbal statement on 8-10-77 in lieu of a written notice. * * * To further help you out, I'll not charge you for Sept 1-10 if you have removed all your possessions and are out by Sept 1st."

*notice* was defective because it was oral and given to the landlord less than 30 days prior to termination.

The relevant notice rules are stated *solely* in the Residential Landlord Tenant Act, ORS 91.700 to 91.895. The FED statutes, ORS 105.105 et seq, do not state different or additional rules. ORS 105.115(2)(b) authorizes an FED action "[i]n the case of a dwelling unit to which ORS 91.700 to 91.895 apply." This cross-reference in the FED statutes simply sends us to the Residential Landlord Tenant Act. ORS 105.120(2) provides an FED action "may be maintained * * * when the notice to terminate the tenancy or to quit has been served upon the tenant * * * in the manner prescribed by ORS 91.855." This cross-reference in the FED statutes simply sends us to one section of the Residential Landlord Tenant Act. The notice rule stated in ORS 91.110 is not applicable because ORS 91.720 expressly states that "ORS 91.010 to 91.220 do not apply to the rights and obligations of landlords and tenants governed by ORS 91.700 to 91.895," *i.e.,* the Residential Landlord Tenant Act.[2]

A tenant may terminate a month-to-month residential tenancy at any time for any reason or no reason. ORS 91.855(2) provides:

> "The landlord *or the tenant* may terminate a month-to month tenancy by giving the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy. The tenancy shall terminate on the date designated and without regard to the expiration of the period for which, by the terms of the tenancy, rents are to be paid * * *." (Emphasis supplied.)

A landlord may evict a tenant who terminates a tenancy, but then wrongfully remains in possession beyond the termination date. ORS 91.855(3) provides:

> "If the tenant remains in possession without the landlord's consent after expiration of the term of the

---

[2] Reading ORS chs 91 and 105 together, it is apparent that there are now two separate bodies of landlord-tenant statutes: one applicable to residential tenancies; the other applicable to nonresidential tenancies.

rental agreement or its termination, the landlord may bring an action for possession * * *."

ORS 91.845 states the same rule: "If the rental agreement is terminated, the landlord may have a claim for possession * * *." The landlord's action or claim for possession could be in the form of a FED action under ORS 105.115(2)(b) because a tenant's continued possession beyond the termination date would be "contrary to * * * ORS 91.700 to 91.895," specifically contrary to ORS 91.845 and 91.855(3).

If the tenant in this case validly terminated the tenancy, but then wrongfully remained in possession beyond the termination date, we can find no support in the Residential Landlord Tenant Act for the proposition that the landlord must give any form of notice as a prerequisite to maintaining FED action to recover possession of the premises. Admittedly, many statutes deal with the notice a *landlord* must give to terminate a tenancy. But those statutes are irrelevant to the present situation—an alleged termination of a tenancy initiated by the *tenant*. The present dispute thus comes down to whether the tenant validly terminated the tenancy.[3] ORS 91.855(2) requires that a tenant's termination notice be: (1) in writing; and (2) given to the landlord not less than 30 days prior to termination. The present tenant's termination notice was: (1) oral; and (2) given to the landlord less than 30 days prior to termination. But the landlord expressly waived his statutory right to 30 days' written notice, and, instead, expressly accepted the quality and quantity of notice that the tenant gave. So the validity of the tenant's termination depends upon whether the landlord was entitled to waive the statutory right to receive more.

---

[3] Some of the arguments before us seem premised on the assumption that the landlord's August 12 letter, n 1, supra, is the operative act of termination. It is not. We regard the operative act of termination to be the tenant's oral notice of August 10, which was merely memorialized in the landlord's August 12 letter.

Absent legislation to the contrary, rights may be waived. Many criminal cases involve waiver of statutory rights and even constitutional rights. A closer analogy is from the law of contracts, which permits a party to accept less than he is contractually due. *See Sandblast v. Williams,* 254 Or 395, 460 P2d 1014 (1969); *Perrigo et al v. Boehm et al,* 194 Or 507, 242 P2d 791 (1952). We conclude that the landlord's acceptance of 20 days' oral notice was an effective and valid waiver of his statutory right to 30 days' written notice.[4]

Affirmed.[5]

**ROBERTS, J.,** dissenting opinion.

I dissent from the majority opinion and would reverse the trial court decision. Accepting the majority's finding that the landlord waived his right to 30-days written notice, the landlord's acceptance of the tenant's oral notice, together with the tenant's holdover after the agreed upon departure date, gave the landlord justification for an action for possession under the terms of ORS 91.855(3). The landlord brought his action for possession in the form of an FED action. Therefore, the issue before us is whether the FED procedures as set forth in ORS 105.105 et seq were properly followed.

Despite the majority's statement to the contrary, the relevant notice rules are not "stated *solely* in the Residential Landlord Tenant Act, ORS 91.700 to 91.895." 36 Or App at 662. Notice requirements for an FED action are found at ORS 105.120(2). While the majority is correct in noting that ORS 105.120(2) refers the reader back to ORS 91.855, the FED statute

---

[4] *L & M Investment Co. v. Morrison,* 34 Or App 231, 578 P2d 462 (1978), is not to the contrary. *L & M* stands for the proposition that, when a statute requires a landlord or tenant to give written notice, the other *need not* accept anything less. *L & M* does not stand for the proposition that the party entitled to notice *may not* accept anything less than written notice.

[5] The other issues raised by this appeal and cross-appeal involve attorney fees. *Marquam Investment v. Myers,* 35 Or App 23, 581 P2d 545 (1978), is dispositive.

is clear in its requirement that the notice run from landlord to tenant.

ORS 105.120 (2) provides:

"(2) An action for the recovery of the possession of a dwelling unit to which ORS 91.700 to 91.895 apply may be maintained in cases provided in subsection (2) of ORS 105.115 *when the notice to terminate the tenancy or to quit has been served upon the tenant or person in possession* in the manner prescribed by ORS 91.855. (Emphasis supplied.)

There is no statutory authority for the proposition that an FED action may be initiated by notice running from tenant to landlord.

Further, ORS 105.120(2), when read together with ORS 91.855, makes clear that the amount of notice required for an FED action is 30 days. Therefore, although the landlord may have waived his right to 30-days written termination notice from the tenant, this did not affect the tenant's right to 30-days written notice from the landlord before eviction by an FED action.

In *Teresi v. Gina Belmonte Corp.,* 31 Or App 1231, 572 P2d 647 (1977), we stated that:

"An FED action is a special statutory proceeding, summary in its nature; it is in derogation of the common law and must be strictly construed. *Schroeder v. Woody,* 166 Or 93, 96, 109 P2d 597 (1941). In that case, the court quotes with approval 22 Am Jur 934, Jurisdiction § 35 (1939), as follows:

" ' " Since the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be coram non judice and void. * * *" ' "

In accordance with this language, I would hold the writing requirement for an FED action to be absolute

and that the procedure must be in strict compliance with the statutes. Assuming arguendo that the contents of the August 12 letter from the landlord's agent to the tenant would be sufficient to constitute notice to quit, the letter could not be the basis for an FED action because it did not provide a 30-day notice.

I, therefore, respectfully dissent.