Argued and submitted October 15, affirmed
December 31, 1979, reconsideration denied February 6,
petition for review allowed February 26, 1980

# OSTLUND,
## *Respondent,*
### *v.*
# HENDRICKS,
## *Appellant.*

# (No. 14763-D, CA 14768)
### 607 P2d 1191

James D. Vick, Salem, argued the cause and filed the brief for appellant.

Allyn E. Brown, Newberg, argued the cause for respondent. With him on the brief was Brown & Tarlow, Newberg.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

Tanzer, P. J., dissenting opinion.

## THORNTON, J.

Defendant in this FED action appeals the judgment awarding plaintiff attorney fees, costs and immediate possession of space leased in a mobile home park. Defendant waived recording of the trial in district court, so we review on the pleadings alone. The essential facts are not in dispute. Defendant asserts that plaintiff's complaint fails to state a cause of action and that there was insufficient notice of termination of her residential leasehold.[1] We affirm.

In a letter dated December 12, 1978, plaintiff's attorney wrote defendant informing her that she was in violation of her tenancy agreement, and that "if * * * [the violations] are not corrected within thirty (30) days of your receipt of this letter, as allowed by law, legal proceedings will be commenced to remove you * * *." Nine violations were listed in the letter:

"1.  You have refused to sign a new tenancy agreement which Mrs. Ostlund is required by law to have with each of the park tenants.

"2.  Your yard is not properly maintained to park standards, i.e., lawn cutting, weeding, etc.

"3.  Your son Bill resides with you when he has not been accepted as a tenant.

"4.  You or your son park your vehicles in the street.

"5.  Your son performs automobile repairs on the street.

"6.  Your son habitually disobeys the traffic speed limit within the park.

"7.  There is loud music on occasion coming from your home at all hours of the night.

"8.  Your patio and the area immediately surrounding your home is not kept and maintained in a neat and tidy manner.

---

[1] The Residential Landlord Tenant Act has always applied to space leased for a mobile home. *See* Oregon Laws 1973, ch 559, § 5(3), now ORS 91.705 (3).

"9.   You do not register overnight guests with the management."[2]

The record reveals no subsequent notice given to defendant before she was summoned to appear in this action.

The written rental agreement entered into by the parties in 1974 states that the tenancy shall be from month to month. Periodic residential tenancies may be terminated for any reason or no reason upon 30 days written notice. *See* ORS 91.855(2); *Skourtes v. Schaer,* 36 Or App 659, 662, 585 P2d 703, 705 (1978).

Plaintiff, however, elected to proceed under ORS 91.885(1), which allows termination upon 30 days' written notice to a tenant renting space for a mobile home if the tenant:

"(a) Violates a law or ordinance which relates to the tenant's conduct as a mobile home tenant; or

"(b) Violates a rule duly imposed as a condition of occupancy.

"  *  *  *  *  *  *."

Subsection 2 of ORS 91.885 requires that the notice inform the tenant of the reasons for termination, and subsection three allows the tenant to avoid termination by correcting all the violations listed in the notice within the 30-day period. If the tenant does not cure the violation, his tenancy terminates automatically at the expiration of the 30 days.

We held in *Skourtes v. Schaer, supra* at 662, that "[t]he relevant notice rules are stated *solely* in the Residential Landlord Tenant Act * * *," and that the FED statutes "do not state different or additional rules." Thus, where the requisite notice has been given to terminate a residential tenancy under applicable provisions of the Landlord Tenant Act, ORS 91.700 to 91.895, the landlord may bring an action for possession if a tenant remains on the premises after the

---

[2] We do not address the question of what constitutes noncompliance with the park rules sufficient to justify termination, nor do we imply that any or all of these alleged violations could be validly asserted.

effective date of termination. ORS 91.855(3); 105.115(2)(b).[3]

### Adequacy of The Complaint

ORS 105.125(2) provides a form of complaint for use in an FED action for possession of premises covered by the Landlord Tenant Act. Plaintiff's complaint is in substantially the same form as that set out in the statute, including the pleading of 30-day notice and the attachment of a copy of that notice. The complaint is sufficient under the statute and therefore states a cause of action.

### Adequacy of Notice

We must also determine whether plaintiff's December 12 letter complied with the requirements of ORS 91.885, and was therefore sufficient to terminate the parties' rental agreement, provided defendant did not cure the specified breaches within 30 days.

Subsection (1) of ORS 91.885 allows a landlord to terminate the rental agreement by giving "not less than 30 days' notice in writing prior to the date designated in the notice for termination * * *." A termination date, to be "designated," need not actually be named. The statement made here, that the tenancy terminates "30 days * * * [from] your receipt of this letter" is sufficient to identify an exact date. The date of receipt of notice, if disputed, may be determined as a matter of fact. *Cf.* ORS 91.820(1) ("* * * landlord may deliver a written notice * * * that the rental agreement will terminate * * * not less than 30 days after receipt of the notice.")

---

[3] *Teresi v. Gina Belmonte Corp.,* 31 Or App 1231, 572 P2d 647 (1977), cited by the dissent, is not controlling here because it involved a commercial leasehold. In *Teresi* we held that our FED statutes require clear notice of termination prior to institution of an action for possession of a commercial leasehold. 31 Or App at 1235-36. However, in *Skourtes v. Schaer,* 36 Or App 659, 585 P2d 703 (1978), we held at 662 that in a residential leasehold, the notice provisions of the Residential Landlord Tenant Act control. Thus, notice of termination which is sufficient under the Act is also sufficient for purposes of the FED statutes.

A landlord need not use the word "quit" or "terminated" in order to validly end a tenancy. These words may be clearer and have more impact than other words, but the notification here that "legal proceedings will be commenced to remove you" was unequivocal and in substance informed defendant that her leasehold was terminated.

The notice cannot be held, as a matter of law, to have failed to apprise defendant that her tenancy had come to an end.[4] If our legislature had wanted to require use of the specific words "terminated" or "quit," it could have done so. We, however, may not insert that which has been omitted from the statute. *See* ORS 174.010.

Affirmed.[5]

**TANZER, P. J.,** dissenting.

ORS 105.120(2) is dispositive. It provides:

> "An action for the recovery of the possession of a dwelling unit[1] * * * may be maintained * * * when the notice to terminate the tenancy or to quit has been served upon the tenant or person in possession in the manner prescribed by ORS 91.855."

The pertinent part of ORS 91.855 is subsection (2), which provides:

---

[4] The dissent argues that the notice was conditional and that defendant could not know at the end of the 30 days whether "all demands had been satisfactorily complied with or (if) the landlord had changed her mind * * *," 43 Or App at 898. The notice given was not made conditional by its statement that defendant was "allowed by law" to correct the violations within 30 days. Rather, ORS 91.885(3), which grants 30 days to cure, requires that condition. We cannot fault plaintiff's notice for advising defendant of her statutory rights. Further, we cannot read into the statute a requirement of an additional notice of 'failure to cure' at the expiration of 30 days.

[5] Defendant's contention that the trial court erred in denying her motion to make more definite and certain is disposed of by *Bay Creek Lumber Co. v. Cesla*, 213 Or 316, 322 P2d 925, 324 P2d 244 (1958) (a party waives objection to an order denying a motion to make more definite and certain by answering over).

[1] A mobile home space is a "dwelling unit." ORS 91.705(3).

"The landlord or the tenant may terminate a month-to-month tenancy by giving to the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy. * * *"

We held in *Teresi v. Gina Belmonte Corp.*, 31 Or App 1231, 1235-36, 572 P2d 647 (1977), that the statutory requirement of prior notice as a condition of the action in subsection (1) of ORS 105.120 is to be strictly applied and that, in the absence of such notice, premises are not "held by force" as that phrase is used in ORS 105.115(1). Although subsection (1) of ORS 105.120 deals with "premises" and subsection (2) deals with "dwelling units," I fail to see the controlling difference the majority purports to see. *(See* n 3, at 895.) The principle is the same. In *Teresi* we held this warning not to constitute notice to terminate the tenancy:

" '* * * Unless the default is cured within 30 days from the receipt of this letter, my client will proceed to exercise the remedies under the lease.' " 31 Or App at 1234.

There is no difference in principle between that demand and the one here.

The letter to the tenant in this case warned that if certain conditions were not "corrected" within 30 days, "legal proceedings will be commenced to remove you." It did not give "notice to terminate the tenancy" then, 30 days later, or at any particular date. Nor did it give "notice * * * to quit" at any particular time. It only demanded that changes be made and warned of future possibilities.

The majority holds that the statutory notice need not use the exact statutory words "terminated" or "quit" and I agree. Nevertheless, whatever words are chosen, the ideas of termination and quitting must be expressed. Here they were not expressed. Demands for change were made and the possibility of future action

was threatened, but nowhere does the landlord say, in effect: "your right to possession is ended; get out."

There is no certainty to the notice in this case. It is conditional. Besides the theoretical basis for concluding that a defendant holds the premises by force, one apparent purpose of the prelitigation notice requirement is to avoid unnecessary litigation and unnecessary exposure of the tenant to liability for the costs of litigation. The letter in this case is not sufficient to serve this purpose. There was no demand to quit. For all defendant knew prior to the filing of the action, the demands had been satisfactorily complied with or the landlord had changed her mind and she was welcome to remain as a tenant. The conditional demand and warning did not serve the statutory purpose. Hence, the majority's conclusion that the letter complied in substance with the statute is erroneous.

For these reasons, I come to the inescapable conclusion that there was no "notice to terminate the tenancy or to quit" and I would reverse the judgment. Hence, I dissent.