Argued and submitted at Portland April 9,
reversed and remanded July 24, 1980

OSTLUND,
*Respondent,*

*v.*

HENDRICKS,
*Petitioner.*

(TC 14763-D, CA 14768, SC 26776)

615 P2d 327

James D. Vick, Salem, argued the cause and filed
the brief for petitioner.

Allyn E. Brown, of Brown & Tarlow, Newberg, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Howell, Lent, and Peterson, Justices.

LENT, J.

## LENT, J.

■ The legal issue presented is whether the notice of termination required by ORS 91.885 for termination of a rental agreement for a mobile home space must contain a "designated date" for termination. The following are the facts which present this issue.

The plaintiff is manager and owner of a mobile home park. On December 14, 1974, defendant signed an agreement for a month to month rental of a space for a mobile home. Plaintiff's attorney wrote defendant a letter dated December 12, 1978, informing her that she was in violation of her tenancy agreement in several particulars.[1] The letter concluded:

> "You are hereby given notification of these violations of your tenancy agreement. If they are not corrected within thirty (30) days of your receipt of this letter, as allowed by law, legal proceedings will be commenced to remove you from Nut Tree.
>
> "It is Mrs. Ostlund's hope that you will comply thereby avoiding any unpleasantness and additional expense. The park rules are for the benefit of all the

---

[1] The letter stated:

"1.  You have refused to sign a new tenancy agreement which Mrs. Ostlund is required by law to have with each of the park tenants.

"2.  Your yard is not properly maintained to park standards, i.e., lawn cutting, weeding, etc.

"3.  Your son Bill resides with you when he has not been accepted as a tenant.

"4.  You or your son park your vehicles in the street.

"5.  Your son performs automobile repairs on the street.

"6.  Your son habitually disobeys the traffic speed limit within the park.

"7.  There is loud music on occasion coming from your home at all hours of the night.

"8.  Your patio and the area immediately surrounding your home is not kept and maintained in a neat and tidy manner.

"9.  You do not register overnight guests with the management."

tenants. They are designed to make the park an attractive and comfortable place to live. Your failure to comply hurts all the other tenants within the park and cannot be tolerated.

"Incidentally, in the past, your rent payment has often been late. In the future, no further late rent payments will be accepted."

The plaintiff filed a Forcible Entry and Detainer (FED) complaint on February 1, 1979, attaching and incorporating the letter delivered to defendant. The matter went to trial in the district court and judgment was entered for plaintiff. The defendant appealed to the Court of Appeals which held that plaintiff's letter as a matter of law complied with the notice requirements of ORS 91.885. *Ostlund v. Hendricks,* 43 Or App 891, 607 P2d 1191 (1979). This court allowed review, ORS 2.520, 288 Or 633 (1980). We reverse the Court of Appeals.

The defendant contends that the FED complaint fails to state a cause of action because the letter incorporated in the complaint was not a notice of termination as required by the statutes discussed below. Resolution of this issue requires a journey through a number of Oregon statutes.

A rental agreement for a mobile home space is governed by the Residential Landlord and Tenant Act, ORS 91.700 to 91.895 (hereinafter "the landlord tenant act"). ORS 91.705(3); 91.715. ORS 105.120(2)[2] provides that a FED action for recovery of premises subject to the landlord tenant act may be maintained when notice to terminate has been given "in the manner prescribed by ORS 91.855."

---

[2] ORS 105.120(2) provides:

"An action for the recovery of the possession of a dwelling unit to which ORS 91.700 to 91.895 [the landlord tenant act] apply may be maintained in cases provided in subsection (2) of ORS 105.115 when the notice to terminate the tenancy or to quit has been served upon the tenant or person in possession in the manner prescribed by ORS 91.855."

At the outset·we note an area of confusion in the applicable statutes. ORS 91.855(2)[3] applies to month to month tenancies and prescribes the following manner of giving notice of termination: the notice must be in writing, must designate a date of termination, and must be given not less than thirty days before the date of termination. Month to month tenancies are terminable upon thirty days' notice by landlord or tenant for any reason or for no reason, except that a landlord may not retaliate as proscribed in ORS 91.865 and 91.870. The traditional purpose of such an arrangement is to allow either party to end the tenancy on relatively short notice without incurring additional liabilities. *See McCall v. Fickes,* 556 P2d 535, 539 (Alaska 1976) (construing a provision similar to ORS 91.855(2)). A landlord or tenant who prefers to have a tenancy for a longer term can bargain for such an agreement. ORS 91.740; 91.880(2) (parties may agree upon a specific term of the tenancy).

The landlord tenant act was amended to include statutes which apply only to rental agreements for mobile or floating home spaces. Or Laws 1975, ch 353; Or Laws 1977, ch 348. ORS 91.885[4] applies to a

---

[3] ORS 91.855(2) provides:

"The landlord or the tenant may terminate a month-to-month tenancy by giving to the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy. The tenancy shall terminate on the date designated and without regard to the expiration of the period for which, by the terms of the tenancy, rents are to be paid. Unless otherwise agreed, rent is uniformly apportionable from day to day."

[4] ORS 91.885 provides in part:

"(1) Except as provided in subsection (3) of this section, the landlord may terminate the rental agreement for space for a mobile or floating home by giving to the tenant not less than 30 days' notice in writing prior to the date designated in the notice for termination if the tenant:

"(a) Violates a law or ordinance which relates to the tenant's conduct as a mobile or floating home tenant; or

"(b) Violates a rule duly imposed as a condition of occupancy.

landlord's termination, and, unlike ORS 91.855, does not permit termination for any or no reason. ORS 91.885 provides that the landlord may terminate the rental agreement if the tenant violates a law or ordinance which relates to the tenant's conduct as a tenant, or violates a rule duly imposed as a condition of occupancy. ORS 91.885(2) requires that the notice set forth facts sufficient to notify the tenant of the reasons for termination, and 91.885(3) allows the tenant to avoid termination by correcting the violations within the thirty-day period. Thus the legislature has provided two termination procedures:   ORS 91.855 which applies generally to month to month tenancies and ORS 91.885 which applies specifically to tenancies for a mobile home space.

The Court of Appeals in its opinion in this case stated that the landlord "elected" to proceed under ORS 91.885(1), rather than the simple 30-day notice provision in ORS 91.855(2). 43 Or App at 894. We read ORS 91.885 to be the exclusive method for a landlord to terminate a tenancy for a mobile home space. Our examination of the legislative history confirms this reading. Termination of a rental agreement for a mobile home space can involve a substantial expense and inconvenience to the tenant who must locate a new rental space and arrange for the moving

---

"(2)   The notice required by subsection (1) of this section shall set forth facts sufficient to notify the tenant of the reasons for termination of the tenancy.

"(3)   The tenant may avoid termination of the tenancy by correcting the violation within the 30-day period specified in subsection (1) of this section. However, if substantially the same act or omission which constituted a prior violation of which notice was given recurs within six months, the landlord may terminate the tenancy upon at least 20 days' written notice specifying the violation and the date of termination of the tenancy.

"* * * * *

"(6)   Nothing in this section shall limit a landlord's right to terminate a tenancy for nonpayment of rent or any other cause stated in ORS 91.700 to 91.895 by complying with ORS 105.105 to 105.155."

of the mobile home. The committee discussions and Senate floor speech indicate that the legislature intended that a landlord can no longer "terminate on a whim," but can terminate only for violation of the law or rules of the park, or for failure to pay rent or any other "cause" for eviction under the landlord tenant act. Minutes, Senate Transportation Committee, HB 2062, April 16, 1975, p 3; Exhibits, Senate Transportation Committee, HB 2062, Senate Floor Speech, May 6, 1975.

■ We conclude that in an FED action to recover a space rented for a mobile home, the prerequisite termination notice must comply with ORS 91.885, notwithstanding the failure to refer to this statute specifically in ORS 105.120(2).

■ ORS 91.885(1) provides that a landlord may terminate the tenancy for a mobile home space by "giving to the tenant not less than 30 days' notice in writing prior to the *date designated in the notice for termination * * *.*" (emphasis added). The letter in this case stated that "If [the violations] are not corrected within thirty (30) days of your receipt of this letter, as allowed by law, legal proceedings will be commenced to remove you * * *." The commencement of legal proceedings does not constitute a notice of termination. *See Teresi v. Gina Belmonte Corp.,* 31 Or App 1231, 1235-1236, 572 P2d 647 (1977). Both the general month to month termination statute, ORS 91.855(2), and the specific statute for mobile home spaces, ORS 91.885, require a "designated date" for termination of the tenancy. The letter sent to the defendant contains no such designated date. The tenant should not have to guess whether she is receiving an actual notice of termination, or a letter threatening a future termination notice. We need not set forth an exact formula which will convey a designated date; we only find its absence as a matter of law in the letter in this case.[5]

---

[5] If the tenant believed she had remedied the alleged violations, this would be a matter of proof in a subsequent FED action. ORS 91.885 does not require a second notice to the tenant that the violations have not been remedied.

We hold that the letter incorporated in the FED complaint was not a notice to terminate.

Reversed and remanded to the district court for further proceeding not inconsistent with this opinion.