**Dan GERMANN, Respondent,**

v.

**F.L. SMITHE COMPANY, Defendant and Third Party Plaintiff, Appellant,**

v.

**QUALITY PARK PRODUCTS, Third Party Defendant, Respondent.**

**No. C9–85–1800.**

Court of Appeals of Minnesota.

March 25, 1986.

Steven J. Kirsch, Michael S. Ryan, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for Dan Germann.

Henry A. Cousineau, Jr., Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for F.L. Smithe Co., defendant and third party plaintiff.

Michael Forde, Kenneth B. Huber, Gilmore, de Lambert, Aafedt & Forde, P.A., Minneapolis, for Quality Park Products, third party defendant.

Considered and decided by NIERENGARTEN, P.J., FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

F.L. Smithe Machine Company appeals from a judgment in which the trial court failed to award pre-verdict interest pursuant to Minn.Stat. § 549.09 (1984). We reverse and remand.

### FACTS

Dan Germann brought suit against appellant F.L. Smithe Machine Company for injuries sustained on July 21, 1982 when his leg was "pinched" in a press manufactured by appellant. Germann was operating the press in the scope and employ of respondent Quality Park Products. Quality Park paid Germann $31,837.27 in workers' compensation benefits through its carrier.

Appellant served a third-party complaint on Quality Park on December 14, 1983, seeking contribution based on Quality Park's alleged negligence with respect to Germann's injuries. Prior to trial, neither party had engaged in any settlement discussions regarding the third-party action. On April 30, 1985, the jury found that both appellant and Quality Park were causally at fault, assigning fifty percent of the fault to each party and awarding total damages to Germann of $100,000. This court upheld the jury's verdict. *Germann v. F.L. Smithe Machine Company*, 381 N.W.2d 503 (Minn.Ct.App.1986).

Following the return of the verdict, the trial court calculated Quality Park's amount of contribution and ordered Quality Park to pay appellant $31,837.27, an amount equal to Quality Park's total workers' compensation liability to Germann. The court entered judgment against appellant for the remainder of the verdict plus $7,500 in prejudgment interest based upon the entire verdict. Judgment was entered on June 24, 1985.

Appellant moved to amend the June 24 judgment to provide for the award of both pre-verdict and post-verdict interest on its judgment against Quality Park. On September 6, 1985, the court ordered the amendment of the previous judgment to include an award of post-verdict interest, but explicitly denied appellant's request for pre-verdict interest.

## ISSUE

Did the trial court err in refusing to award appellant prejudgment interest on its claim for contribution?

## ANALYSIS

Minn.Stat. § 549.09, subd. 1 (1984) provides in pertinent part as follows:

(b) Except as otherwise provided by contract or allowed by law, pre-verdict or pre-report interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action, except as provided herein. * * * Except as otherwise provided by contract or allowed by law, pre-verdict or pre-report interest shall not be awarded on the following:

(1) judgments, awards, or benefits in workers' compensation cases, but not including third party actions; * * *.

This statute was amended effective July 1, 1984 to mandate prejudgment interest awards in most cases. *See L.P. Medical Specialists, Ltd. v. St. Louis County*, 379 N.W.2d 104, 109 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Jan. 31, 1986); Note, *The Minnesota Prejudgment Interest Amendment: An Analysis of the Offer-Counteroffer Provision*, 69 Minn.L. Rev. 1401 (1985). Before the effective date of the amendment, a plaintiff is entitled to prejudgment interest on liquidated claims, or on unliquidated claims if ascertainable by reference to generally recognized standards and if not dependent on contingencies. *Jostens, Inc. v. CNA Insurance, Continental Casualty Company*, 336 N.W.2d 544, 546 (Minn.1983).

Appellant claims that the trial court erred in failing to award prejudgment interest because the language of the statute clearly and unambiguously requires that prejudgment interest be computed on awards of pecuniary damages and makes no exception for claims based on contribution. We agree.

Respondent Quality Park's principal argument is that Minn.Stat. § 549.09 does not alter the rule in *Lambertson v. Cincinnati Corporation*, 312 Minn. 114, 257 N.W.2d 679 (Minn.1977), that the employer's contribution to a third party is not to exceed its total workers' compensation liability to the plaintiff/employee. Quality Park claims that because it is obligated to pay appellant in the amount of the workers' compensation liability to Germann, Quality Park is not obligated to make any additional contribution in the form of prejudgment interest or otherwise.

Quality Park's argument is not persuasive. In *Lambertson*, the Minnesota Supreme Court did not address the issue of whether a manufacturer was entitled to prejudgment *or* post-judgment interest on a claim for contribution against an employer. Rather, the court addressed the question of whether a manufacturer should be permitted to bring a claim for contribution *at all* against an employer. Following Quality Park's argument to its logical conclusion, if *Lambertson* was intended to place an absolute cap on the employer's liability, then the trial court erred as well in ordering Quality Park to pay post-judgment interest, an order from which Quality Park has not sought review. Furthermore, the claim for interest is separate from the claim for contribution addressed in *Lambertson*. We believe that the legislature, in enacting Minn.Stat. § 549.09 seven years after *Lambertson* was decided, intended that courts award interest on any substantive claim for pecuniary damages, including a claim for contribution.

Neither party distinguishes between prejudgment interest accumulated before July 1, 1984, the effective date of the statute, and the interest accumulated after that date. Nevertheless, this court has made it clear that such a distinction must be drawn. *See L.P. Medical Specialists, Ltd.*, 379 N.W.2d 104; *Wilson v. Skogerboe*, 379 N.W.2d 696 (Minn.Ct.App.1986). Because we find an award of prejudgment interest to be appropriate, appellant is entitled to interest calculated from July 1, 1984 to June 24, 1985, the date judgment was entered.

Regarding appellant's request for prejudgment interest prior to July 1, 1984, Minnesota law allows prejudgment interest on unliquidated damages only if the amount is readily ascertainable. *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971). In this case, Quality Park could not determine the amount owed until the jury apportioned the liability and awarded damages. *See Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 132, 211 N.W.2d 159, 169 (1973). Therefore, appellant is not entitled to prejudgment interest prior to July 1, 1984.

## DECISION

We reverse and remand for a determination and award of prejudgment interest calculated from July 1, 1984 to June 24, 1985.

Reversed and remanded.