Richard BURSCH and Loretta Bursch, Plaintiffs,

v.

BEARDSLEY & PIPER, A DIVISION OF PETTIBONE CORP., Defendant.

BEARDSLEY & PIPER, A DIVISION OF PETTIBONE CORP., Third–Party Plaintiff,

v.

DeZURIK, A DIVISION OF GENERAL SIGNAL MANUFACTURING CORP., Third–Party Defendant.

No. Civ. 5–85–202.

United States District Court, D. Minnesota, Fifth Division.

May 8, 1991.

William J. Krueger and Robert Gubbe, Horvei, Gubbe and Krueger, Roseville, Minn., for plaintiffs.

Timothy J. Mattson, Bowman & Brooke, Minneapolis, Minn., Robert D. Kolar, Michele T. Oshman, Robert D. Kolar & Associates, Ltd., Chicago, Ill., for defendant, and third-party plaintiff.

Frederick Grunke, Kevin Gray, Donohue Rajkowski, Ltd., St. Cloud, Minn., for third-party defendant.

## ORDER AND MEMORANDUM

RENNER, District Judge.

On April 24, 1991, the Court heard oral argument on various post-trial matters related to the entry of judgment in this case. The Court took under advisement and requested supplemental briefing on the issue of whether defendant and third-party plaintiff Beardsley & Piper should be awarded prejudgment interest on its contribution claim against third-party defendant DeZurik.

Based on the file, record and arguments of counsel, IT IS HEREBY ORDERED THAT Beardsley & Piper's motion for prejudgment interest on its contribution claim against DeZurik is DENIED.

## MEMORANDUM

Following a jury trial adjudicating the personal injury claims of plaintiffs Richard and Loretta Bursch the jury returned a verdict in favor of plaintiffs, but found plaintiff Richard Bursch 4% liable for his injuries, defendant Beardsley & Piper, 20% liable and third-party defendant DeZurik 76% liable. In prior rulings the Court concluded that prejudgment interest should be awarded on DeZurik's subrogation claim except during the period of the bankruptcy stay that delayed the trial of this case. Defendant and third-party plaintiff Beardsley & Piper now seeks prejudgment interest for the same period on its contribution claim against DeZurik for $194,179.

Minn.Stat. § 549.09 provides that "pre-verdict or pre-report interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action." In support of its argument that this statute mandates prejudgment interest on contribution claims, defendant cites *Germann v. F.L. Smithe Co.*, 384 N.W.2d 227 (Minn.App.1986). There, the appellate court held the enactment of § 549.09 expressed legislative intent "that courts award interest on any substantive claim for pecuniary damages, including a claim for contribution." *Id.* at 229.

DeZurik asserts that *Germann* is inapplicable because it was decided prior to a 1986 amendment of § 549.09 in which judgments for future damages were excepted from prejudgment interest. *See* Minn.Stat. § 549.09 subd. 1(b)(3). DeZurik argues that a contribution judgment is equivalent to an award for future damages. It notes that a contribution award does not mature until a defendant has paid more than its fair share of an underlying judgment. *See Milbank Mutual Insurance Company v. Village of Rose Creek*, 302 Minn. 282, 225 N.W.2d 6 (1974); *Appeal of Schunk*, 231 Minn. 219, 43 N.W.2d 104, 109 (1950).

The Court finds DeZurik's argument persuasive. The purpose of prejudgment interest, as set forth in *Lienhard v. State of Minnesota*, 431 N.W.2d 861 (Minn.1988) is to more fully compensate claimants for "loss of use of the money due as damages." *Id.* at 865. The 1986 amendment excluding future damages from prejudgment interest supports this interpretation of legislative intent and undercuts the authority of *Germann*. Beardsley & Piper has experienced no loss of the use of money due as damages until its contribution claim matures. The facts that DeZurik's contribution is limited by *Lambertson v. Cincinnati Corporation*, 312 Minn. 114, 257 N.W.2d 679 (1977) or that DeZurik received prejudgment interest on its subrogation claim have no bearing on this matter. At no time does Beardsley & Piper step into the shoes of plaintiffs or of subrogation claimant DeZurik. Beardsley & Pip-

er suffers pecuniary damage and becomes a claimant with the possible loss of use of money only at the point its contribution claim matures. The Court finds that neither Minn.Stat. § 549.09 nor the equities involved in this case warrant an award of prejudgment interest on Beardsley & Piper's contribution claim against DeZurik.