**TOOKALOOK SALES AND SERVICE, Sportscoach Corporation of America, a division of Coachmen Industries, Inc., Appellants,**

v.

**Merrill McGAHAN and Carmen McGahan, Appellees.**

No. S–4487.

Supreme Court of Alaska.

Feb. 12, 1993.

Rehearing Denied March 3, 1993.

---

128

Blaine D. Gilman, Law Office of Blaine D. Gilman, Kenai, for appellant.

Joseph L. Kashi, Soldotna, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

### I. FACTS AND PROCEEDINGS

Merrill and Carmen McGahan purchased a motorhome from Tookalook Sales and Service on August 28, 1985 for $39,950. They borrowed $28,100 from Chemical Finance, at an annual interest rate of 13.5%, to help finance their purchase.

Due to their dissatisfaction with the motorhome, the McGahans filed suit in 1989 against Tookalook and the manufacturer of the motorhome, Sportscoach Corporation of America. After a trial conducted by Judge Jonathan Link, the jury found in favor of the McGahans on the theory of "revocation of acceptance." The jury awarded $44,405.18 in damages to the McGahans. This award included $28,070 in actual damages, and $16,335.18 to compensate the McGahans for their interest payments to Chemical Finance.[1]

Upon entering judgment in the amount set forth in the jury verdict, Judge Link requested the McGahans submit a calculation of the prejudgment interest which should be awarded. The McGahans requested prejudgment interest upon the entire jury award at the annual rate of 15.5%.

---

1. During the trial, the parties stipulated that the McGahans had paid $16,335.18 in interest on the amount borrowed to finance their purchase of the motorhome. The jury was instructed to include this amount in its award if it found that the plaintiffs effectively revoked their acceptance of the motorhome.

Based upon this jury instruction, the parties have been able to determine the components of the jury's award:

| | |
|---|---|
| $44,405.18 | Jury Verdict |
| <16,335.18> | Stipulated Consequential Damage Award |
| $28,070.00 | Actual Damage Award After Deduction for Usage of the Motorhome ($39,950 purchase price, less $28,070 award = $11,880 usage deduction) |

They claimed that a 15.5% rate was appropriate under AS 09.30.065, which provides for a five percent increase from the normal statutory rate of 10.5% in cases where a prevailing plaintiff makes an offer of judgment which was not accepted and which was more favorable than the judgment finally entered.

Tookalook and Sportscoach opposed the McGahans' request for prejudgment interest. They argued that an award of prejudgment interest would constitute an inappropriate "double recovery" because the jury award included the finance and interest charges paid by the McGahans. Tookalook and Sportscoach also argued that, in the event that prejudgment interest was awarded, the court should employ the normal statutory rate because the offer of judgment was invalid since "it did not specify a definite sum."

Judge Link awarded the McGahans $22,210.61 in prejudgment interest. This figure includes $15,665.37 as interest on the jury's actual damage award of $28,070, accruing at the statutory rate of 10.5% from September 28, 1985, the date of purchase, to January 22, 1991, the last day of trial. The prejudgment interest award also included $6,545.24 as interest on the finance charges which plaintiffs paid Chemical Finance, calculated at 10.5% from the date of each payment.

Tookalook and Sportscoach appeal Judge Link's decision to award prejudgment interest.

## II. DISCUSSION

■ Tookalook and Sportscoach argue that awarding prejudgment interest on the basic damage and third-party finance charge portions of the jury damage award to the McGahans constituted a double recovery of interest. They assert that in cases such as this, where the plaintiff partially financed the transaction at issue via a third-party loan, the correct measure of damages should include only one interest award. The appropriate interest rate should be the greater of the statutory or contractual interest rates.

■ An award of prejudgment interest should be denied only to avoid an injustice. *Farnsworth v. Steiner*, 638 P.2d 181, 184 (Alaska 1981) (citing *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970)). Courts in other jurisdictions have generally held that the decision to grant prejudgment interest rests within the discretion of the trial court. *In re Glacier Bay*, 746 F.Supp. 1379, 1395 (D.Alaska 1990); *Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 794–95 (9th Cir.1986). We have recognized that when prejudgment interest begins to accrue is a question of law and subject to the court's independent judgment. *22,757 Sq. Ft., More or Less v. State*, 799 P.2d 777, 778 (Alaska 1990).

In *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970), this court held that all damages "should carry interest from the time the cause of action accrues, unless for some reason peculiar to an individual case such an award of interest would do an injustice." Justice Rabinowitz reasoned that prejudgment interest is necessary to compensate the prevailing party for the loss of use of money received as damages, as well as to eliminate the "substantial financial incentive for defendants to litigate even where liability is so clear and the jury award so predictable that they should settle." *Id.* Later cases have further discussed the purposes for which prejudgment interest is awarded. In *Bevins v. Peoples Bank & Trust Co.*, 671 P.2d 875, 881 (Alaska 1983), this court held:

> The purpose of awarding prejudgment interest is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he or she was entitled to it and the date of judgment. A corollary purpose is to prevent the judgment debtor from being unjustly enriched by the use of that money. *Farnsworth v. Steiner*, 638 P.2d 181, 184 (Alaska 1981); *Anchorage Asphalt Paving Co. v. Lewis*, 629 P.2d 65, 69 (Alaska 1981). Prejudgment interest should not be awarded, however, when it is unjust to do so. *Anchorage Asphalt*, 629 P.2d at 70.

**130**

In *Haskins v. Shelden,* 558 P.2d 487, 494–95 (Alaska 1976), this court noted that it is "only in the most unusual cases that prejudgment interest is not proper," and that "[o]ne such unusual case is where the award of such interest would result in a double recovery." *See also ERA Helicopters, Inc. v. Digicon Alaska, Inc.,* 518 P.2d 1057, 1063 (Alaska 1974); *State v. Stanley,* 506 P.2d 1284, 1295 (Alaska 1973) (awarding both prejudgment interest and damages for lost use constitutes a double recovery).

■ We have concluded that the superior court's award of prejudgment interest in the total amount of $22,210.61 was erroneous because the McGahans were compensated for interest on the amount they borrowed by the jury's damage award in which the jury awarded the McGahans damages equivalent to the interest payments paid on the loan from Chemical Finance. *Sebring v. Colver,* 649 P.2d 932, 936 (Alaska 1982) ("Since the financial impact of the passage of time was thus incorporated into the judge's damage award, any award of prejudgment interest would thereafter constitute a double recovery."). In cases where a party borrows money from a third-party lender to meet its contractual obligations, and the contract is subsequently rescinded, the borrowing party may recover interest on the amount borrowed as calculated by using the higher of the contractual interest rate and the statutory interest rate. It is improper to award the borrowing party both the contractual interest which it paid and prejudgment interest on the amount borrowed, for the

borrower did not actually lose the use of those funds borrowed from someone else. By awarding the borrower the amount borrowed plus interest on that amount, the borrower is put in nearly the same place it would have been in had the parties not entered into a contract.[2]

■ In support of their contention that the prejudgment interest award was proper, the McGahans cite several cases which state that third-party finance charges are generally awardable as consequential damages. *See Spreader Specialists v. Monroc, Inc.,* 114 Idaho 15, 21, 752 P.2d 617, 623 (App.1987); *Rodrigues v. State,* 52 Haw. 156, 472 P.2d 509, 517 (1970). We do not disagree with these cases. We do disagree with the McGahans apparent claim that prejudgment interest must be calculated on all awards of consequential damages.[3] As discussed above, prejudgment interest should not be awarded when it is unjust to do so, such as where the award would result in a double recovery. However, the McGahans were entitled to prejudgment interest on the amount of the purchase price which they did not borrow, $11,850. Thus the final judgment calculated as of the January 23, 1991 verdict will consist of the purchase price, plus $16,335.18 interest on amounts borrowed by the McGahans, plus interest at the statutory rate on that portion of the purchase price that was not borrowed, less the value of the use of the motorhome by the McGahans as determined by the jury, $11,880.[4]

Accordingly, this matter is REVERSED and REMANDED for further proceedings

2. We realize the borrower is not returned to exactly the same position because the borrower loses the use of the money paid as interest. We refuse to allow prejudgment interest on the interest payments to prevent the borrower from being returned to a better position than one who purchases using personal funds. Under Alaska law, prejudgment interest is not compounded. *State v. Doyle,* 735 P.2d 733, 742 (Alaska 1987). Allowing prejudgment interest on the borrower's interest payments is conceptually similar to compounding interest.

3. Citing 47 C.J.S. *Interest & Usury* § 24 (1982), the McGahans argue that, "it has generally been held that a judgment bears interest on the whole amount thereof although such amount is made

up partly of interest on the original obligation." That section of Corpus Juris Secundum refers to *post judgment* interest upon judgments, not *prejudgment* interest. As such, that section is not instructive in the present case.

4. The record does not indicate whether the $11,880 usage charge was the present value, as of the verdict date, of the McGahans' use of the motorhome, or a composite figure consisting of a monthly charge multiplied by the number of months of use. If it is a composite figure, Tookalook and Sportscoach are entitled to interest on each month's charge at the statutory rate, thereby decreasing the McGahans' recovery.

consistent with this opinion. The superior court's award of $22,210.61 in prejudgment interest is VACATED.