Werner HOFMANN, Appellant
and Cross–Appellee,

v.

Brigitta von WIRTH, individually and
d/b/a H. von Wirth G M B H & Co.,
Internationales Reisebüro KG, Appellee
and Cross–Appellant.

Nos. S–6597/6617.

Supreme Court of Alaska.

Dec. 1, 1995.

Bernd C. Guetschow, Bernd C. Guetschow, APC, Anchorage, for Appellant and Cross–Appellee.

Lawrence A. Pederson, Paul J. Nangle & Associates, Anchorage, for Appellee and Cross–Appellant.

Before MOORE, C.J., RABINOWITZ, MATTHEWS, COMPTON, and EASTAUGH, JJ.

#### OPINION

COMPTON, Justice.

### I. FACTS AND PROCEEDINGS

Werner Hofmann and Brigitta von Wirth are German nationals, formerly married. A travel agency owned by von Wirth purchased land in Alaska and developed it. In January 1993, while on a visit to Anchorage, von Wirth signed a deed conveying the property to herself and Hofmann as tenants in common. The property was not divided in a German divorce proceeding that took place in April of that year. Von Wirth incurred costs for the maintenance and upkeep of the property from 1983 to 1993; these costs varied

from year to year and were not reimbursed by Hofmann.

In mid–1990 von Wirth filed a complaint in superior court seeking rescission of the deed or, in the alternative, partition of the property. The superior court denied rescission and ordered the property sold, as it was not susceptible to partition in kind. It also found that Hofmann owed von Wirth one-half of the expenses incurred by her, as well as prejudgment interest (PJI) from January 1 of the year following each payment made by von Wirth. One-half of the incurred expenses was approximately $32,000. Interest, although not calculated by the court, amounted to well over $10,000. The court found that neither party prevailed, and thus it did not award attorney's fees or costs to either. Hofmann appeals the award of PJI on the recouped money; von Wirth appeals the court's failure to award attorney's fees and costs. We reverse in part, vacate in part, and remand for further proceedings.

## II. *DISCUSSION*

A. *The Superior Court Erred in Granting Von Wirth Pre–Judgment Interest From the Time She Paid the Various Sums*

Hofmann argues that von Wirth is not entitled to interest because "she failed to specify reimbursable costs incurred until a few days prior to trial." He also argues that if interest is awarded, it should only be from shortly before trial, the time he alleges an accounting was provided. Finally, Hofmann argues that the superior court's factual findings as to the dates of accrual of interest are deficient.[1]

Von Wirth asserts that in 1985 she demanded payment for costs incurred for maintenance and upkeep of the property. However, the only evidence of this is her testimony at trial, in which she claims she made a general demand for cost sharing. No specific figures were provided by her to Hofmann. Hofmann admits receiving an accounting in May 1990.

■ The time when interest begins to accrue is a question of law, subject to this court's independent judgment. *Tookalook Sales and Service v. McGahan*, 846 P.2d 127, 129 (Alaska 1993).

■ While "[c]ourts in other jurisdictions have generally held that the decision to grant prejudgment interest rests within the discretion of the trial court," in Alaska such interest is awarded largely as a matter of course. *Id.* In cases not involving personal injury, death, or property damage, "all damages 'should carry interest from the time the cause of action accrues, unless for some reason peculiar to an individual case such an award of interest would do an injustice.' " *Id.* (quoting *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970)[2]). The rationale is that the interest compensates "the prevailing party for the loss of use of money received as damages," and encourages defendants to settle by stripping away a reason to fight the suit. *Id.* The award is not meant to penalize the loser. *Bevins v. Peoples Bank & Trust Co.*, 671 P.2d 875, 881 (Alaska 1993).

■ "Interest is generally owing by the debtor from the date the debt is due or from the date the debtor refuses to pay." *Merdes v. Underwood*, 742 P.2d 245, 250 n. 7 (Alaska 1987). The Restatement (Second) of Contracts, cited with approval in *Merdes*, states,

---

1. Hofmann claims that von Wirth is not entitled to any PJI because she asserted exclusive title to the property. He provides little support for this argument, and candidly cites case law which defeats his argument. In *Willmon v. Koyer*, 168 Cal. 369, 143 P. 694 (1914), the Supreme Court of California held that the assertion of exclusive title by one cotenant, from the time payments were made, did not defeat his right to contribution from another cotenant. *Id.* at 696. Furthermore, pleading in the alternative is specifically allowed by Civil Rule 8(a).

2. *Phillips* was a tort case, and some distinctions between tort and non-tort cases exist with regard to PJI. *See* AS 09.30.070 (encompassing personal injury, death, and property damage cases); AS 45.45.010 (encompassing all other cases); *Navistar Intern. Transp. Corp. v. Pleasant*, 887 P.2d 951, 959 (Alaska 1994) (noting that PJI in cases encompassed by AS 09.30.070 begins to run from the time of process service or written notice of claim); *Tookalook Sales and Service v. McGahan*, 846 P.2d 127, 129 (Alaska 1993) (noting that interest in a contract case runs from the time of accrual of the cause of action).

"If the performance is to be rendered on demand, interest does not begin to run until a demand is made, even though an action might be maintained without a demand." Restatement (Second) of Contracts § 354 cmt. b (1981).

Thus the question before us is whether a demand was required in this case for the interest to accrue. American Law Reports indicates that when a demand is necessary to alert the obligor of the obligation, interest begins to run from the time a demand was made:

> While a demand is ordinarily not necessary to fix the liability for interest on a sum recoverable by way of contribution where the party owing is cognizant of the sum owed, a demand may be necessary where there is no such knowledge until a demand is made. . . .

C.S. Patrinelis, *Rights of One Entitled to Contribution to Recover Interest*, 27 A.L.R.2d 1268, 1270 (1953 & Supp.1994). Although the annotation and cases cited therein may be distinguished on the ground that Alaska, unlike many other states, typically awards PJI, this distinction is not significant here. The basic reasoning still applies, since Hofmann cannot be said to have failed to perform any duties owed to von Wirth when he apparently had no knowledge of the sums she expended.

██ We hold that prejudgment interest runs only from the date a demand was made by von Wirth for reimbursement of costs

incurred for the maintenance and upkeep of the property.[3]

Our holding that a demand is required is supported indirectly by *Alascom, Inc. v. North Slope Borough, Board of Equalization*, 659 P.2d 1175 (Alaska 1983). In *Alascom*, the borough demanded back taxes and interest on real and personal property that had not been taxed in several years. We held that no penalties or interest could be assessed against the real property, for it could not be taxed properly until the borough assessed the property and notified the taxpayer.[4] *Id.* at 1180. We reached the opposite conclusion with respect to the personal property, for "the taxpayer participates in the taxing process by furnishing the borough with a personal property tax return listing his taxable property." *Id.*

██ Reliance on cases from other jurisdictions is complicated by the fact that their laws on PJI typically differ from Alaska's. As mentioned above, most jurisdictions do not award PJI as a matter of course; they leave the matter to the discretion of the trial court instead. Despite this difference, however, opinions from other states are helpful in this case because the basic reasoning still applies: a party who cannot ascertain the amount of her obligation should not be charged interest for a failure to meet this obligation. We found no case where PJI was awarded against a party who had no knowledge of the sums for which she might be liable. When PJI is awarded, it is on amounts that are either liquidated[5] or ascertainable.[6]

**3.** *Compare* AS 09.30.070(b), which provides:

> Except when the court finds that the parties have agreed otherwise, prejudgment interest accrues from the day process is served on the defendant or the day the defendant received written notification that an injury has occurred and that a claim may be brought against the defendant for that injury, whichever is earlier. The written notification must be of a nature that would lead a prudent person to believe that a claim will be made against the person receiving the notification, for personal injury, death, or damage to property.

**4.** In *Cool Homes, Inc. v. Fairbanks North Star Borough*, 860 P.2d 1248 (Alaska 1993), we clarified this statement, indicating that "[t]his rationale is not applicable where the municipality makes an assessment of the real property in

question, but makes a mistake as to the amount of the assessment." *Id.* at 1257.

**5.** The liquidated or unliquidated status of the claim is not relevant to the decision to award PJI in Alaska. *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970).

**6.** *See, e.g., Farmington Nat. Bank v. Basin Plastics, Inc.*, 94 N.M. 668, 615 P.2d 985 (1980) (payment on note by joint obligor, who then recovered judgment against co-obligor; PJI awarded from date of payment since court found amount to be "fixed and certain," which "partook of none of the attributes of an unliquidated amount"); *Glimcher v. Reinhorn*, 68 Ohio App.3d 131, 587 N.E.2d 462 (1991) (PJI normally at discretion of trial court; PJI on a note is awarded from the date of demand on a maker or from

A case from the Minnesota Court of Appeals appears to hold otherwise, but its holding is not entirely clear. *Germann v. F.L. Smithe Co.,* 384 N.W.2d 227 (Minn.App.1986). *Germann* involved a contribution action in a negligence case. A statute provided for PJI. Although the amount of contribution recovered was neither liquidated nor readily ascertainable prior to the verdict at trial, PJI was awarded from time of the enactment of the statute, which was shortly after suit was filed. However, language in the case is ambiguous as to whether the statute encompassed PJI in the Alaska sense, or merely interest covering the period from commencement of the action until verdict.

The Oregon Court of Appeals has held that PJI accrues from the time the cotenant made the payment, not from the time of the demand, but this case is distinguishable. *Miller v. Miller,* 101 Or.App. 371, 790 P.2d 1184 (1990). *Miller* involved disproportionate payments by one cotenant for property purchased in 1951. Discussions that included references to each parties' interest in the property took place from 1978 to 1984. One eventually sued, and in 1990 the court ordered the difference redressed, with interest from 1951. Although this case might be viewed as cutting against the rationale of our holding, *Miller* is distinguishable in that the party against whom interest was awarded had constructive knowledge of the imbalance, as he knew of the outstanding balance on the purchase contract and made no additional payments himself.

In the case before us, a demand was necessary for interest to begin to accrue. Instead, the superior court awarded interest on monies expended by von Wirth from the time she paid them. Therefore, we reverse and direct the superior court to determine when a proper demand was made by von Wirth.

### B. Entitlement to Costs and Attorney's Fees

In denying fees to both parties, the superior court stated that "for purposes of Civil Rule 82 neither party has prevailed in this litigation, in that each party prevailed on important issues." Von Wirth cross-appeals, arguing that the superior court abused its discretion when it found that neither party prevailed and denied von Wirth's motion for attorney's fees. She argues that her complaint sought the alternative remedies of rescission or partition. The superior court denied her plea for rescission, instead ordering the property sold and awarding her (1) fifty-percent of the sale proceeds, (2) a portion of the remaining proceeds sufficient to reimburse her expenditures, plus interest, and (3) if the proceeds were insufficient, a judgment against Hofmann. In response, Hofmann attempts to portray rescission as the principal remedy sought by von Wirth.

We need not address this issue. The decision on remand may alter the outcome of this case. Determination of prevailing party should be made after the PJI issue is decided. Therefore, the denial of fees and costs is vacated.

### III. CONCLUSION

We REVERSE the superior court's award of prejudgment interest and remand for a determination of when a proper demand was made that started the accrual of prejudgment interest. We VACATE the denial of attorney's fees to either party pending the court's redetermination of the interest issue.

---

the date of accrual of the cause of action; remand to determine date of demand on joint obligor of note); *Sandblast v. Williams,* 254 Or. 395, 460 P.2d 1014 (1969) (tenant had previously agreed to reimburse cotenant for tax payment; PJI awarded from date of payment without explanation); *Reid v. Ayscue,* 246 Va. 454, 436 S.E.2d 439 (1993) (PJI not awarded since liability for ascertainable amount not clear until ver-

dict); *Car Wash Enterprises, Inc. v. Kampanos,* 74 Wash.App. 537, 874 P.2d 868 (1994) (no PJI in contribution action since claim unliquidated); *Employers Mut. Liability Ins. Co. v. Derfus,* 259 Wis. 489, 49 N.W.2d 400 (1951) (contribution action arising from auto collision, PJI allowed since defendant knew exact amount sought and demand had been made).