Argued and submitted March 11, 2005, affirmed on petition;
cross-petition dismissed as moot May 10, 2006

Robert A. FOLKERS, Jr.,
*Petitioner - Cross-Respondent,*

*v.*

LINCOLN COUNTY SCHOOL DISTRICT,
*Respondent - Cross-Petitioner.*

FDA-01-09; A123667

135 P3d 373

James M. Brown argued the cause and filed the briefs for
petitioner - cross-respondent.

Steven E. Herron argued the cause for respondent - cross-petitioner. With him on the briefs was Garrett, Hemann, Robertson, Jennings, Comstock & Trethewy, P.C.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

ORTEGA, J.

---

* Haselton, J., *vice* Ceniceros, S. J.

## ORTEGA, J.

Petitioner seeks judicial review of the decision of the Fair Dismissal Appeals Board (the board) dismissing his appeal. After respondent Lincoln County School District (the district) unilaterally amended his employment contract by increasing the number of days of work without increasing his pay, petitioner appealed to the board. The board concluded that the district's action was not a "reduction in pay" and, hence, not an action over which the board had subject matter jurisdiction. We affirm.

The pertinent facts are undisputed. Petitioner was a licensed school administrator. From 1993 to 1998, he was principal of a kindergarten-through-12th-grade school in the district. In 1998, the district reassigned him to be assistant principal at a high school. In 2000, petitioner signed a three-year contract with the district that set his monthly salary for the contract year and required 220 work days for the year. During the first year of that contract, however, the district adopted a new employee compensation plan covering the period from July 1, 2001 through June 30, 2006. Pursuant to that plan, the district set petitioner's salary at essentially the same amount for the 2001-02 contract year as for the previous year[1] but increased the number of work days for the contract year from 220 to 230. The district sent petitioner a document informing him of the contract action. Petitioner signed the document but inserted a statement that he objected to the listed salary and reserved his right to appeal.

Petitioner then filed an appeal with the board contesting the district's action, alleging that it amounted to an unauthorized "reduction in pay." In his notice of appeal, petitioner asserted that the district's action constituted a "reduction in pay" within the meaning of ORS 342.845(5)(a), which authorizes administrators to appeal such reductions to the board, and that the reduction was unauthorized because the district had neither "established nor otherwise attempted to establish any grounds for the action." The district moved to dismiss the appeal, contending that the appeal was untimely

---

[1] Petitioner's annual salary increased by 10 cents from the 2000-01 to the 2001-02 school year. Neither party treats that change as an increase or even as a change.

and that, because the district's action was not a "reduction in pay," the board lacked subject matter jurisdiction.

The board rejected the district's timeliness argument but agreed that it lacked subject matter jurisdiction. The board determined that, under ORS 342.845(5),[2] administrators may appeal only two types of actions: reductions in pay and dismissals. It rejected petitioner's contention that the district reduced his pay by holding his salary constant but increasing his work year by 10 days. The board reasoned:

> "The statute addresses reductions in pay. We do not have jurisdiction to consider appeals of changes in other working conditions, whether they be changes in length of day, number of days, duties, location of work, or size of school. If the legislature wanted us to solve such a complex equation, it would have set forth additional factors for our consideration in the statute. It did not. The statute directs us to consider only reductions in pay. As we said in [*McNair v. Springfield School District*, FDA 01-06 (2003)], 'A reduction in pay, using the natural and ordinary meaning of the terms "reduce" and "reduction," means pay that has been brought down to a smaller amount.' * * * As in [*McNair*, petitioner] here did not receive a *reduction* in pay. He received the same compensation he had received the prior year."

(Emphasis in original.) One member of the panel dissented, in part, concluding that the increase in the number of work days was, "in effect, a reduction in pay" and that if petitioner "had been required to work 100 more days each year, no one would contend that there was not a reduction in pay."

---

[2] ORS 342.845(5) provides, in pertinent part:

"(a) * * * Following a probationary period, an administrator shall be employed by a school district pursuant to a three-year employment contract. An administrator may be dismissed or have a *reduction in pay* during the term of a contract for any reason set forth for dismissal of a teacher in ORS 342.865, or pursuant to ORS 342.934(5). If an administrator is dismissed or has a *reduction in pay* during the term of the contract, the administrator may appeal to [the board] in the same manner as provided for the appeal of a dismissal or a nonextension of a contract teacher. An administrator may not appeal the nonextension of a contract to [the board].

"(b) The administrator may be assigned and reassigned at will during the term of the contract."

(Emphasis added.)

On judicial review, petitioner again asserts that the district's action amounted to a reduction in pay and that, accordingly, the board had jurisdiction to consider his appeal. Asking that the board's decision be reversed and the matter remanded for relief to petitioner,[3] he makes three arguments. First, he contends that the meaning of "pay" must include both the rate of pay and the amount of work and that, by failing to consider the number of work days specified by the contract, the board failed to apply the plain meaning of "reduction in pay." Second, he contends that the board did not explain its rejection of its position in a prior case, *Anderson v. Greater Albany School District No 8J*, FDA 93-3 (1993), that a district violated the fair dismissal law when it reassigned an administrator while freezing his salary and increasing his work days. Finally, petitioner contends that the board "failed to recognize principles of contract law" that prohibit it from making unilateral changes during the term of a three-year contract.

The district takes a different view of the statute. It contends that the plain meaning of a "reduction in pay" is a reduction in *salary*, not a reduction in the daily or hourly rate of pay, and that, because administrators are salaried employees, petitioner's contentions regarding an hourly pay rate have no application to this case. In addition, the district contends that, because ORS 342.845(5)(b) explicitly authorizes reassignments "at will," the legislature could not have intended to allow administrators who are reassigned to a position with more work hours but no annual salary increase to appeal to the board. According to the district, plaintiff was merely reassigned, an action that is not subject to board review. The district also contends that the board's decision in *Anderson* is inapposite and, in any event, was rejected as applied to circumstances such as these in the later *McNair* decision. Finally, the district contends that the board need not follow contract law to decide whether petitioner suffered

---

[3] Petitioner does not specify what that relief should or could be at this point, given that the contract year in question was 2001-02. Because of our disposition on the grounds of subject matter jurisdiction, we need not reach the issue of appropriate relief.

a "reduction in pay" because the statutory framework authorizes school districts to make certain unilateral contract modifications.[4]

■      We begin by considering whether the addition of 10 work days constituted an assignment or reassignment within the meaning of ORS 342.845(5)(b), which provides that an administrator "may be assigned and reassigned at will during the term of the contract." We agree with petitioner that it did not. "Assign" commonly means "to appoint (one) to a post or duty." *Webster's Third New Int'l Dictionary* 132 (unabridged ed 2002). Here, petitioner's assignment as assistant principal occurred before the contract action at issue. The district did not appoint petitioner to a new post or duty; it simply required him to work at the same job for an additional 10 days per year. That requirement did not amount to an assignment or reassignment.

■      We next consider the central issue: whether a "reduction in pay" occurs when an administrator's contract specifies a salary and a number of work days for the year and a school district then increases the number of work days without increasing the salary. Petitioner contends that such an action constitutes a reduction in pay because the effective pay rate decreases. The board concluded, and the district contends, that "reduction in pay" means a decrease in the amount of money paid under the contract. If that amount does not decrease, there is no reduction in pay, even if the contractual number of work hours or work days increases.

Resolution of this question is a matter of statutory construction, requiring us to follow the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under that methodology, we first examine the statutory text and context, and, if that examination reveals the legislature's intent, we proceed no further. *Id.* at 610-11; *Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 486, 992 P2d 434 (1999). At that first level of analysis, we may employ "rules of construction of the statutory text that

---

[4] The district also cross-petitions for judicial review, contending that the board erred in its determination that petitioner's appeal to the board was timely. Because we affirm the board's dismissal on grounds of subject matter jurisdiction, we do not reach the issue of timeliness.

bear directly on how to read the text." *PGE*, 317 Or at 611. One such rule is that "words of common usage typically should be given their plain, natural, and ordinary meaning." *Id.*

The statute at issue does not define "reduction in pay," so we begin by examining the plain, natural, and ordinary meaning of the phrase. "Pay" is synonymous with "wages, salary, remuneration." *Webster's* at 1659 (capitalization omitted). The term "wage" or "wages" refers most often to "payment of usu[ally] monetary remuneration by an employer esp[ecially] for labor or services usu[ally] according to contract and on an hourly, daily, or piecework basis * * *[.]" *Id.* at 2568. "Salary," on the other hand, commonly refers to "fixed compensation paid regularly (as by the year, quarter, month, or week) for services * * *[;] such compensation paid to holders of official, executive, or clerical positions—often distinguished from *wage*[.]" *Id.* at 2003 (emphasis in original). In a usage note after "wage," *Webster's* explains:

> "WAGE or WAGES applies chiefly to an amount paid daily or weekly esp[ecially] for chiefly physical labor * * *[.] SALARY and STIPEND usu[ally] apply to a fixed compensation commonly paid at longer intervals than wages and usu[ally] for services that require training or special ability[.] * * * PAY is usu[ally] the equivalent of WAGES, SALARY, or STIPEND[.]"

*Id.* at 2569. In the context of administrators, therefore, the common meaning of "pay" is "salary."[5]

That common meaning of "pay" is consistent with the context provided by Oregon wage and hour law concerning exempt employees. Administrators are among the employees who may be paid on a salary basis, exempt from overtime laws. *See* ORS 653.020(3) (exempting from certain wage and hour provisions individuals who are engaged in certain administrative, executive, or professional work and who are paid on a salary basis); ORS 653.269(5)(a) (exempting from overtime provisions that are otherwise applicable to public employees any executive, administrative, supervisory,

---

[5] Indeed, petitioner's contract reflects that he was paid a monthly salary, not an hourly rate, and he uses the word "salary" to refer to his pay.

or professional employees); OAR 839-020-0005 (further defining exemptions for administrative, executive, and professional employees). Given the common meaning of "pay" as salary for professional employees and given the context of Oregon wage and hour law, we conclude that the legislature in ORS 342.845(5)(a) intended "pay" to mean "salary."

With that understanding, we turn to the question of whether petitioner here experienced a reduction in pay. "Reduction" commonly means "a decrease in size, amount, extent, or number." *Webster's* at 1905. In context, therefore, the plain meaning of "reduction in pay" is a decrease in the amount of salary. Petitioner, however, had essentially the same salary in the 2001-02 school year as in the previous year; the amount of his salary was not decreased. Accordingly, petitioner did not receive a "reduction in pay" using the ordinary meaning of that phrase.

Petitioner contends that "reduction in pay" is synonymous with "reduction in rate of pay." We do not find that construction plausible. Petitioner's salary was set at a specific sum of dollars per month, not per hour or per day. Hence, petitioner's argument is, essentially, that "reduction in pay" means "reduction in the *effective rate* of pay." On a monthly basis, petitioner's pay remained the same, although he had to work more time for that amount of pay. To embrace petitioner's argument, however, would require inserting the term "effective rate" into ORS 342.845(5)(a), and we cannot insert into a statute what has been omitted. ORS 174.010.

■ The most persuasive argument supporting petitioner's construction—and the argument relied on by the dissenting board member—is that, unless the effective rate of pay is considered, a district could dramatically increase the number of work days with no increase in the amount of pay, requiring even 100 days' additional work with no additional compensation. That argument may have some persuasive force from a policy standpoint, but it does not from a legal one. Although there is some precedent for construing ambiguous statutes so as to avoid absurd results,[6] that maxim of

---

[6] *See, e.g., McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410, *adh'd to on recons*, 314 Or 645, 842 P2d 380 (1992).

construction is, under *PGE*, applicable only if the intent of the legislature cannot be discerned from the statutory text and context or from the legislative history. 317 Or at 612; *see also Fleetwood Homes v. VanWechel*, 164 Or App 637, 642, 993 P2d 171 (1999) (so stating). Where, as here, the legislature's intent is clear from the statutory text and context, we cannot subvert the plain meaning of the statute to avoid "absurd results." *Fleetwood Homes*, 164 Or at 642.

In any event, construing "reduction in pay" to mean "reduction in effective rate of pay," if pushed to other extremes, could lead to similarly absurd results. For example, an administrator who remained in the same position at the same salary from one year to the next would nonetheless experience a reduction in his *effective* rate of pay if his duties required an extra half-hour of work over the course of the contract year. We cannot conclude that the legislature intended that such a result could be challenged as a "reduction in pay" under ORS 342.845(5). Petitioner's construction of "reduction in pay" is not plausible.

We turn to petitioner's contention that the board failed to explain a seeming departure from its decision in *Anderson*. ORS 183.482(8)(b) requires the court on judicial review to

"remand the order to the agency if it finds the agency's exercise of discretion to be:

"\* \* \* \* \*

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency[.]"

Here, however, the board's decision is not inconsistent with its precedents.

In *Anderson*, an elementary school principal was reassigned to a position as a middle school assistant principal. Each salary step for the elementary school position was higher than that for the middle school position and, although the administrator's new contract provided for him to receive the same salary as before, it required him to work 10 more days. The board first concluded that, because "for any particular salary step, a middle school assistant principal position

has a lower salary than an elementary school principal position[,]" the new position would be a "lower paying position" under the prior version of the statute, ORS 342.845 (1993), *amended by* Or Laws 1997, ch 864, § 8.[7] Although the board opined that an administrator "could * * * be disadvantaged" by a salary reduction or an increase in required work time, it stated that, in that case, it was "sufficient to note" that the respective salary steps for the two positions showed that the administrator's new position as a middle school assistant principal was a "lower paying position" within the meaning of the applicable statute.

*Anderson* does not aid petitioner. As noted, the board's decision there was based on its determination that the salary steps for the two positions were different, not on the addition of required work days; its statements concerning the additional work days were *dicta*. In any event, assuming that the *dicta* constitute an "officially stated agency position," the statutory scheme—and therefore the relevant inquiry— has changed. As the board explained in its recent decision in *McNair*, after amendments to ORS 342.845, *Anderson*'s focus on whether the administrator has been transferred to a "lower paying position" is no longer relevant:

> "ORS 342.845(5)(b) provides that '[t]he administrator may be assigned and reassigned at will during the term of the contract.' The statute gives the [d]istrict the right to assign or reassign [the a]ppellant to *any* administrator position during the term of the contract. It no longer refers to a transfer to a 'lower paying position' and no longer requires consent for such a transfer. It provides no right of appeal

---

[7] ORS 342.845(3) then provided:

"Except as provided in ORS 342.934, no permanent teacher who has served as an administrator in a particular position for a period of three successive years shall be transferred to a lower paying position as an administrator or to a nonadministrative position without the consent of the teacher except [as provided in specified statutory provisions]. As used in this subsection, '*lower paying position*' means *a position with a reduction in remuneration, including salary and benefits*."

(Emphasis added.) In 1997, the legislature amended ORS 342.845 by, among other changes, deleting the quoted provision and adding what is now ORS 342.845(5). Or Laws 1997, ch 864, § 8. After the 1997 amendments, therefore, school districts were no longer as strictly limited in their ability to transfer administrators to "a position with a reduction in remuneration, including salary and benefits"; instead, the relevant inquiry became whether an administrator "ha[d] a reduction in pay."

based solely on a reassignment, even if the reassignment is to a lower paying position. An appellant can appeal under ORS 342.845(5)(a) *if* the transfer results in a reduction in pay."

*McNair*, FDA No. 01-06 (2003) (first alteration and emphasis in original). Because *Anderson* simply involved a different question in a different statutory context, the board's decision here is not inconsistent. Accordingly, the board did not make an unexplained change in position.

Finally, petitioner contends that, by using the phrase, "a reduction in pay during the term of the contract," the legislature intended to apply contract principles to the employment relationship; under basic contract principles, he contends, the district was without authority unilaterally to modify his three-year contract. It is unclear whether petitioner limits his argument to reductions in pay or includes all modifications. If petitioner's argument concerns only reductions in pay, that argument is answered by our conclusion that the district did not reduce his pay. If petitioner's argument is more expansive, then resolution of the argument is not properly before us because it was not—nor could it have been—an issue before the board. The board has jurisdiction to consider only those school district actions that involve reductions in pay or dismissals. ORS 342.845(5)(a). Petitioner does not contend that he was dismissed. Whether the district in some other respect unilaterally modified petitioner's contract is not an issue that the board—or, hence, this court on judicial review of the board's decision—properly could consider.

Affirmed on petition; cross-petition dismissed as moot.