Argued and submitted September 29, 2008, reversed and remanded April 22, 2009

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## JOHN CHRISTOPHER KELLY,
*Defendant-Respondent.*

Malheur County Circuit Court
07048406C; A135971

206 P3d 1098

Anna M. Joyce, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Rebecca A. Duncan, Chief Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this prosecution for driving under the influence of intoxicants (DUII), the state appeals a pretrial order granting defendant's motion to suppress evidence obtained after what the trial court deemed to be an unlawful traffic stop. We reverse and remand.

The relevant facts are undisputed. Late one night, a police officer saw defendant pull up to a stop sign and come to a complete stop. The officer then saw defendant activate his right turn signal and then turn right. The officer pulled over defendant for failing to signal 100 feet before turning. ORS 811.335(1)(b). During the stop, the officer smelled an odor of alcohol coming from inside defendant's car. The officer eventually arrested defendant for DUII.

Before trial, defendant moved to suppress the evidence obtained during the traffic stop, arguing that the stop was unlawful. The state argued that the stop was lawful because the officer had probable cause to believe that defendant had failed to "signal continuously" for 100 feet before making a turn as required by ORS 811.335(1)(b). Defendant insisted that, because he did not actually violate ORS 811.335(1)(b), the officer did not have probable cause for the traffic stop. Defendant acknowledged that he failed to "signal continuously" for 100 feet before making his turn. According to defendant, that fact is of no consequence because the statute merely requires that he signal his turn before actually making it—which it is undisputed that he did.

The trial court agreed with defendant. According to the court, the 100 feet requirement in ORS 811.335(1)(b) requires drivers to signal for a certain duration, as opposed to a certain distance. After noting that "[t]he evidence is not clear * * * how long the car sat there," the court stated that defendant "signaled probably for the length of time it would take the car to travel 100 feet." "Making that assumption," the court continued, "I think he complied with the intent of the statute. The intent of the statute for the 100 feet is for duration." On that basis, the court concluded that the officer did not have probable cause to stop defendant and, accordingly, granted the motion to suppress.

On appeal, the state argues that the trial court erred in failing to read the statute as it is written, *viz.*, to require signaling for a given distance—100 feet—not a presumed period of time. Accordingly, the state argues, the officer did have probable cause to stop defendant, and the trial court should have denied his motion to suppress.

■    In determining whether a police officer had probable cause for a traffic stop, we must determine whether the officer perceived facts establishing the elements of an offense. *State v. Chilson*, 219 Or App 136, 141, 182 P3d 241, *rev den*, 344 Or 670 (2008). ORS 811.335 provides, in part:

> "(1)   A person commits the offense of making an unlawful or unsignaled turn if the person is operating a vehicle upon a highway and the person turns the vehicle right or left when:
>
> "* * * * *
>
> "(b)   The person fails to give an appropriate signal continuously during not less than the last 100 feet traveled by the vehicle before turning."

We have had several occasions to construe ORS 811.335(1)(b) to determine whether a police officer had probable cause to stop a defendant for a perceived violation of that statute. In each case, we have construed the statute to require what it says, that is, "signal[ing] continuously" for a distance "not less than the last 100 feet traveled."

In *State v. Arthur*, 158 Or App 623, 625, 976 P2d 1146, *rev den*, 328 Or 666 (1999), the defendant had activated his turn signal 10 feet before a stop sign, at which point the defendant stopped and made the signaled turn. Noting that ORS 811.335(1)(b) provides no exception for turns made at a stop sign, we concluded that the statute requires drivers turning at stop signs to signal continuously for the last 100 feet before the stop sign. *Id.* at 626-27. Noting that the defendant "could have signaled for the last 100 feet before turning but failed to do so," we held that the officer had probable cause to stop the defendant. *Id.* at 627.

More recently, in *Chilson*, the defendant pulled out onto a road less than 100 feet from an intersection. Once she stopped, she activated her turn signal and then made her

turn. 219 Or App at 138. After being stopped for violating ORS 811.335(1)(b), she argued that the officer lacked probable cause because her entry onto the street less than 100 feet before the intersection made compliance with that statute impossible. *Id.* at 138-39. We rejected that argument, stating that "[t]he potential existence of a defense or exemption is not relevant." *Id.* at 141. We held that, "for purposes of determining whether the officer had probable cause to believe that [the] defendant had violated ORS 811.335(1)(b), it suffices that [the officer] had a reasonable belief that the elements of the offense were present." *Id.* at 142-43 (emphasis omitted).

Clearly, under *Arthur* and *Chilson*, the officer in this case had probable cause to stop defendant for violating ORS 811.335(1)(b) when he observed defendant signal for the same or even less distance than did the defendants in those cases.

Defendant argues that our prior cases are distinguishable because they involved drivers who activated their turn signals while their vehicles were in motion, whereas this case involves a driver who activated his turn signal while stopped at a stop sign. According to defendant, "[t]he legislature did not intend to make it illegal for a driver to come to a stop sign, signal for a reasonable time, and then turn." Defendant's reasoning is that

> "[r]eading ORS 811.335(1)(b)'s requirement to signal for 100 feet to apply to drivers who stop before turning would lead to absurd results. It would mean that if a driver stopped at an intersection and realized that he needed to turn, he could not legally do so, regardless of how long he signaled the turn after stopping. It would mean that a driver in a moving car could legally turn after signaling one to three seconds, but the driver of a stopped car could not legally turn regardless of how long he signaled once stopped, if he had not already signaled during the 100 feet before he stopped."

The problem with defendant's argument is that it fails to grapple with the wording of the statute itself, which requires the driver to "give an appropriate signal continuously during not less than the last 100 feet traveled" before turning. The statute unambiguously refers to distance—"the

last 100 feet traveled"—not duration of time. There is no exception in the statute for drivers who have come to a stop, as opposed to those who are still in motion while signaling, and we are not at liberty to insert one. ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, * * * not to insert what has been omitted[.]").

Defendant's argument is that the unambiguous wording of the statute should give way in the face of the "absurd" consequences that result from reading the statute as written. We confronted, and rejected, the very same argument in *Chilson*, 219 Or App at 140, and we adhere to that decision here. *See also Folkers v. Lincoln County School Dist.*, 205 Or App 619, 627, 135 P3d 373 (2006) ("Where * * * the legislature's intent is clear from the statutory text and context, we cannot subvert the plain meaning of the statute to avoid 'absurd results.' ").

Defendant insists that, at least in some cases, it *could* be impossible to comply with the statute as written. According to defendant, if an individual is driving a vehicle for which hand signals are permitted (one without vehicle lighting equipment, ORS 811.405), relevant statutes require the driver to signal with the left arm *both* the turn (hand and arm extended horizontally or upward, depending on the direction of the intended turn) *and* the stop (hand and arm extended downward). ORS 811.395(1), (3). The argument is unavailing. The fact that it may, in some circumstances, prove impossible to comply with the terms of a statute might provide a defense to a charge of violating that statute, but it does not provide the courts with authority to rewrite the statute to mean something other than what it plainly says. Moreover, and more to the point, it does not mean that the officer did not have probable cause to believe that defendant violated the statute. *Chilson*, 219 Or App at 141.

We conclude that the officer in this case had probable cause to believe that defendant violated ORS 811.335(1)(b) by failing properly to signal. The trial court erred in concluding otherwise and in granting defendant's motion to suppress.

Reversed and remanded.