Argued and submitted February 17, reversed August 17, 2011

GREENWAY,
a California General Partnership,
*Plaintiff-Respondent,*

*v.*

Sandra PARLANTI,
*Defendant-Appellant.*

Polk County Circuit Court
09P7229; A144508

261 P3d 69

Michael A. Keeney argued the cause for appellant. With him on the brief were Marion-Polk Legal Aid Service, Edward Johnson, and Oregon Law Center.

Steven M. McCarthy argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff Greenway, landlord, prevailed in this forcible entry and detainer (FED) action to evict defendant Sandra Parlanti (tenant) from its mobile home park following threats of violence by tenant's son to the mobile home park manager. Tenant appeals, arguing that plaintiff's written notice terminating her tenancy did not comply with statutory requirements in ORS 90.396(1), part of the Residential Landlord and Tenant Act (RLTA), and, therefore, that the notice was invalid. We conclude that the termination notice did not comply with statutory requirements, and we reverse the judgment.

The relevant facts of this case are undisputed. The manager of the mobile home park served tenant on October 5th at 11:55 a.m. with a 24-hour notice that her tenancy would be terminated due to threats of violence by her son. The notice stated:

> "24 HOUR NOTICE
>
> "TO: Sandra Parlanti, Brandon Parlanti, and all other occupants in possession:
>
> "You are hereby notified, pursuant to ORS 90.396(1)(a, f) that twenty four (24) hours from the time of the service upon you of this notice, your tenancy will be terminated, by reason of the threats of physical violence upon the landlord committed by Brandon Parlanti. If necessary, possession of the premises will be taken pursuant to ORS 105.105 to 105.168.
>
> "*[/s/] Donna Callis*
>
> "I personally delivered the attached 24 hour notice to *Sandra Parlanti*, at *11:55* A/PM on October *5*, 2009. [/s/ ]"

The notice was a combination of typed and handwritten text. Handwriting is indicated by italics.[1] After no response from tenant, the manager initiated an FED action for her eviction

---

[1] The notice actually served on tenant did not have the "A" circled to indicate AM and the signature line for the person who delivered the notice was blank. However, the trial court found the notice was actually served at 11:55 a.m. on October 5, 2009.

two days later. As relevant here, tenant then moved to dismiss the complaint under ORCP 21 A(8) for failure to state ultimate facts sufficient to constitute a claim based on the invalidity of the termination notice; the trial court denied the motion.

Tenant then answered the complaint and asserted numerous affirmative defenses, including that the court lacked subject matter jurisdiction and that the termination notice served on tenant was defective. In its written ruling following a bench trial, the trial court found that the termination notice was sufficient under ORS 90.396(1) to apprise tenant that her tenancy was being terminated as of a designated date and time because

"any form of notice which makes it apparent that the tenancy is being terminated, and which gives the tenant enough information to easily determine when that will be, is sufficient. [The manager] specified in the notice that the tenancy would terminate twenty-four hours after the time of its service. It is undisputed that the notice was personally handed to defendant at 11:55 a.m. on October 5. She apparently read and understood the notice since she immediately became angry and began to argue."

The trial court entered a judgment for restitution of the premises to plaintiff, along with attorney fees and costs. The court then granted tenant's motion for a stay of execution of the judgment pending her appeal, which focuses only on the validity of the termination notice.

Under ORS 90.396(1), when certain grounds exist for terminating a tenancy, a landlord generally must provide a written notice to the tenant to terminate the tenancy and obtain possession of the property. In relevant part, ORS 90.396(1) provides:

"Except as provided in subsection (2) of this section, after at least 24 hours' written notice specifying the acts and omissions constituting the cause and *specifying the date and time of the termination*, the landlord may terminate the rental agreement and take possession as provided in ORS 105.105 to 105.168, if:

"(a)   The tenant, someone in the tenant's control or the tenant's pet seriously threatens to inflict substantial personal injury, or inflicts any substantial personal injury, upon a person on the premises other than the tenant[.]"

(Emphasis added.) On appeal, the parties dispute whether plaintiff failed to comply with one element of the required contents of such a notice under ORS 90.396(1), namely, "specifying the date and time of the termination."

This case thus presents a legal issue of statutory construction of the notice provision in ORS 90.396(1). Generally, we seek to ascertain the intent of the legislature by examining the text and context of the statute at issue as well as any helpful legislative history offered by the parties. *State v. Gaines*, 346 Or 160, 172-73, 206 P3d 1042 (2009); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). When construing a statute, we give words of common usage their plain and ordinary meaning. *PGE*, 317 Or at 611; *see also* ORS 174.010 (in construing a statute, the duty of this court is to ascertain and declare what is contained therein, not to omit what has been inserted or insert what has been omitted).

Tenant argues on appeal that the words of ORS 90.396(1) plainly require that a landlord include in the notice a specific date and time when the tenancy terminates. According to tenant, the statute does not allow a landlord to indicate to a tenant that the termination date and time will occur a number of hours after a certain event, such as, in this case, service of the notice on tenant. Plaintiff responds that tenant received actual notice of termination and that the text on the notice that "twenty four (24) hours from the time of service upon you" was sufficient to comply with the statutory requirement for specifying a date and time of termination and supplied a proper basis for the subsequent FED.

For a number of reasons, we agree with tenant that ORS 90.396(1) requires a landlord to include the specific date and time of termination of the tenancy in the notice. First, the legislature did not state that the landlord need only provide notice of the date and time of termination, which is in effect what plaintiff contends is sufficient under the statute. Rather, the legislature used the term *"specifying"* with

regard to both the acts and omissions giving rise to the termination and the date and time of termination that are to be included in the written notice. In common usage, "specifying" is defined as "to mention or name in a specific or explicit manner: tell or state precisely or in detail." *Webster's Third New Int'l Dictionary* 2187 (unabridged ed 2002). Here, ORS 90.396(1) unambiguously requires service of a written notice that specifies, *i.e.*, names in a precise manner, the "acts and omissions constituting the cause" and the "date and time of the termination" in the notice. *See Heinzel v. Backstrom*, 310 Or 89, 96, 794 P2d 775 (1990) (a statute is unambiguous where the text provides support for only one plausible interpretation). Therefore, a written notice must explicitly include the actual date and time that the tenancy will terminate. For example, the written notice would have complied with ORS 90.396(1) if it had stated that the tenancy will terminate at "12:00 p.m. on October 6, 2009," assuming the written notice was personally served at least 24 hours before that time. That was missing in this case, and instead the only thing plaintiff specified in the notice, albeit incompletely, was the date and time of delivery of the notice to tenant.

Second, we also note that the RLTA permits service of a written notice of termination of tenancy in various ways, including by personal delivery, mail, or other means as provided in the rental agreement. ORS 90.155.[2] As a practical matter, were we to approve the form of the notice provided in this case, a tenant could be forced to guess as to when the tenancy terminates. For example, when a tenant is served by first class mail, then the time period that must be provided to the tenant before the tenancy is terminated is extended by an additional three days. ORS 90.155(2). Although the postal mark may indicate the date that such a termination notice was mailed, a tenant would not know the actual time that the

---

[2] ORS 90.155 provides, in part:

"(1) Except as provided in ORS 90.300, 90.425 and 90.675, where this chapter requires written notice, service or delivery of that written notice shall be executed by one or more of the following methods:

"(a) Personal delivery to the landlord or tenant;

"(b) First class mail to the landlord or tenant; or

"(c) If a written rental agreement so provides, both first class mail and attachment to a designated location * * *."

tenancy will be terminated. That would contravene the legislative intent to have the written notice be specific concerning the date and time of the termination of the tenancy. *See Ostlund v. Hendricks*, 289 Or 543, 549, 615 P2d 327 (1980) (applying a statute that required "giving to the tenant not less than 30 days' notice in writing prior to the date designated in the notice for termination," the Supreme Court held that a notice telling the tenant that eviction proceedings would commence 30 days after her receipt of the notice if she did not correct violations of her rental agreement was invalid and forced the tenant to guess regarding its effect).

We do not agree with plaintiff's argument that it is unreasonable to expect a manager, when serving notice on a tenant, to write the actual termination date and time on the notice, especially when a tenant becomes angry during that service. We have previously determined that a court cannot subvert the plain meaning of a statute, even to avoid a supposedly absurd result. *Young v. State of Oregon*, 161 Or App 32, 37-39, 983 P2d 1044, *rev den*, 329 Or 447 (1999). Further, ORS 90.396(1) provides that termination of the rental agreement occurs "*at least* 24 hours" (emphasis added) after written notice is served, indicating that the date and time of termination need not occur exactly 24 hours after service and, therefore, that a landlord can specify an appropriate date and time of termination in the notice before it is served.

Proper notice of termination of a tenancy is a prerequisite to maintaining an FED action. ORS 105.115(2);[3] ORS

---

[3] The relevant part of ORS 105.115 provides:

"(2) In the case of a dwelling unit to which ORS chapter 90 applies:

"(a) The following are causes of unlawful holding by force within the meaning of ORS 105.110 and 105.123:

"* * * * *

"(B) * * * when the tenant or person in possession remains in possession after a valid notice terminating the tenancy pursuant to ORS chapter 90 * * *.

"(b) A landlord may not file an action * * * until after the expiration of * * * the time period provided in a notice terminating the tenancy.

"(3) In an action under subsection (2) of this section, ORS chapter 90 shall be applied to determine the rights of the parties, including:

"* * * * *

"(b) Whether a tenancy or rental agreement has been validly terminated * * *."

105.120(3);[4] *Guardian Management, LLC v. Zamiello*, 194 Or App 524, 95 P3d 1139 (2004) (FED judgment reversed when landlord failed to serve tenant with written notice of termination in compliance with statute or rental agreement). Because plaintiff's notice to tenant failed to comply with the requirements of ORS 90.396(1), it was invalid. Accordingly, the trial court erred in entering the judgment against tenant.

Reversed.

---

[4] ORS 105.120(3) provides:

"An action for the recovery of the possession of a dwelling unit to which ORS chapter 90 applies may be maintained in situations described in ORS 105.115(2) when the notice to terminate the tenancy or to quit has been served * * * by the landlord upon the tenant or person in possession in the manner prescribed by ORS 90.155."