Submitted September 27, 2018, affirmed February 5, 2020

Robyn REISTER,
*Petitioner-Appellant,*

*v.*

CITY OF PORTLAND
BUREAU OF FIRE AND POLICE
DISABILITY AND RETIREMENT,
*Respondent-Respondent.*

Multnomah County Circuit Court
16CV27777; A165110

460 P3d 1028

Petitioner appeals from a general judgment that dismissed her petition for writ of review. On appeal, she contends that the reviewing court and administrative law judge (ALJ) improperly construed the Portland City Charter (charter). Therefore, petitioner argues that the ALJ erred by denying her petition for retirement benefits as a surviving spouse of a member of the City of Portland's Fire and Police Disability and Retirement Fund (fund) and the court erred by dismissing her petition for writ of review. *Held*: The court did not err. The text of the charter makes clear that, to receive a retirement benefit as a surviving spouse, the member of the fund must first have retired. Petitioner's husband had not yet "retired," and, because of that, petitioner was not eligible to receive her husband's retirement benefit.

Affirmed.

Judith H. Matarazzo, Judge.

Trevor R. Caldwell and Public Safety Labor Group, P.C., filed the opening brief for appellant. On the reply brief were Anil S. Karia and Public Safety Labor Group, P.C.

Franco A. Lucchin filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Petitioner appeals from a general judgment, which dismissed her petition for writ of review. On appeal, she contends that the reviewing court and administrative law judge (ALJ), below, improperly construed the Portland City Charter (charter) and, therefore, that the ALJ erred by denying her petition for retirement benefits as a surviving spouse of a member of the City of Portland's Fire and Police Disability and Retirement Fund (FPDR or fund) and the court erred by dismissing her petition for writ of review. We affirm.

The following facts are undisputed. Petitioner's husband was a vested member of the FPDR, after completing 17 years of service. His employment with the Portland Police Bureau was terminated in 2013. After his termination, he received a letter from FPDR regarding his retirement benefits. That letter stated, in part:

> "This letter is to inform you that you are vested in the Fire and Police Disability, Retirement and Death Benefit Plan, and you will be eligible to receive a pension beginning June 24, 2021 at which time you will have reached age 50 and would have had 25 years of service had you continued as an active member."

Petitioner's husband died in 2015, at the age of 43.

In June 2015, petitioner filed a claim with FPDR for the "Nonservice-Connected Death Before Retirement" benefit under Section 5-309 of the charter. FPDR denied that claim one month later because it concluded that petitioner's husband was not a "member of the FPDR Plan at the time of his death." In October 2015, petitioner filed a separate claim for retirement benefits, which FPDR denied. The issues surrounding the denial of the "death before retirement" benefit and the retirement benefit claims were heard at a consolidated hearing before an ALJ.

As to the retirement benefits claim, the ALJ first noted that petitioner's husband "was entitled to a retirement benefit at retirement age." Because petitioner's husband died before he reached the age of retirement, the ALJ concluded that the language of the charter defeated her claim

for retirement benefits because those benefits are available only to "a surviving spouse of a Member who dies *after* retirement." (Emphasis in original.) He concluded that "[petitioner's] claim for retirement benefits, or for dependent benefits based upon the member's vested retirement must fail."

In a separate order, the ALJ also affirmed the denial of petitioner's claim for "death before retirement" benefits. That order was appealed to a three-person independent panel, which concluded that petitioner was not eligible for death benefits as a surviving spouse because her husband was not a "member" of the fund at the time of his death. That order was not appealed, and it became final after 60 days. Consequently, petitioner's eligibility to receive such a death benefit is not before us, and we express no opinion on the order denying "death before retirement" benefits or the decision not to file an appeal of that order.[1]

Petitioner filed a petition for writ of review in the circuit court challenging the final order on the retirement benefits claim. After oral arguments, the reviewing court concluded that the ALJ's final order did not misconstrue the charter in affirming the fund's denial of retirement benefits under Section 5-305 of the charter, and there was substantial evidence to support the final order. The reviewing court issued a general judgment dismissing the petition for writ of review with prejudice. Petitioner timely appealed that judgment to this court.

On appeal, she argues that the reviewing court erred in dismissing her writ of review because the ALJ improperly construed the charter to preclude her claim for retirement benefits. Further, she contends that, once the charter is properly construed, the ALJ's order "necessarily lacked substantial evidence." The parties agree that whether petitioner is entitled to retirement benefits as a surviving spouse under the FPDR plan is a matter of interpretation of the charter. We review the court's determination for errors of law, that is, whether the reviewing court correctly applied the charter. *Davis v. Jefferson County*, 239 Or App 564, 571, 245 P3d 665 (2010).

---

[1] The reviewing court's review was limited to the retirement benefits order.

"The same rules that govern the construction of statutes apply to the construction of municipal ordinances. We start with the text of the municipal ordinance. The context of the language of the municipal ordinance also may be considered, and, if the intent is clear based on the text and context of the municipal ordinance, the court does not go further."

*Lincoln Loan Co. v. City of Portland*, 317 Or 192, 199, 855 P2d 151 (1993) (internal citations omitted).

We begin and end our analysis with the text of the charter. The FPDR is laid out in chapter 5 of the charter. Section 5-305(a)[2] of the charter provides that a "FPDR Two Member whose employment with the Bureau of Fire or Police terminates after completing five Years of Service shall be eligible to receive the benefit on vested termination." That benefit "shall be the FPDR Two Member's retirement benefit accrued *** to the date of the FPDR Two Member's termination of employment" and "shall be payable monthly for the life of the FPDR Two Member commencing on Earliest Retirement Date." Portland City Charter § 5-305(b), (c). Thus, petitioner's husband was entitled to retirement benefits under the plan, contingent on his surviving to the age of retirement. The issue before us is whether petitioner, as a surviving spouse, is entitled to her husband's retirement

---

[2] Section 5-305 governs retirement benefits upon termination and provides, in part:

"(a) Eligibility. A FPDR Two Member whose employment with the Bureau of Fire or Police terminates after completing five Years of Service shall be eligible to receive the benefit on vested termination. A FPDR Two Member whose employment with the Bureau of Fire or Police terminates after completing one-half Year of Service and before completing five Years of Service shall be paid the benefit on unvested termination. A FPDR Two Member who fails to return to work upon recovery from disability shall be treated as terminating employment on the date of recovery.

"(b) Amount of Benefit on Vested Termination. The benefit on vested termination shall be the FPDR Two Member's retirement benefit accrued under Section 5-304 to the date of the FPDR Two Member's termination of employment with the Bureau of Fire or Police based on Final Pay at such termination.

"(c) Form of Benefit on Vested Termination. The benefit on vested termination shall be payable monthly for the life of the FPDR Two Member commencing on Earliest Retirement Date which shall be the date the FPDR Two Member would have been eligible to receive a retirement benefit under Section 5-304 assuming continued service as an Active Member. The benefit shall be adjusted as provided in Section 5-312."

benefits as of the date he would have reached retirement age (at which point monthly retirement payments would have commenced).

Section 5-305 cannot be read in isolation from section 5-310(a)[3] in cases where, as here, the FPDR Two Member died prior to retirement age. Section 5-310(a) provides that the "Surviving Spouse of a FPDR Two Member who dies *after retirement*"[4] (emphasis added) is entitled to "100 percent of the Member's retirement benefit," under section 5-310(c). Read together, the provisions make clear that, to receive a member's retirement benefit as a surviving spouse, the member must first have retired. Petitioner's husband had not yet "retired," and, because of that, petitioner is not eligible to receive her husband's retirement benefit.

Petitioner contends that such a construction runs afoul of section 5-101 of the charter, which provides that the fund was "created and established for the benefit of the

―――――――――――

[3] Section 5-310 governs benefits on death after retirement, and provides, in part:

"(a) Eligibility. The Surviving Spouse of a FPDR Two Member who dies after retirement shall be eligible to receive a death benefit, except as provided in subsection (b). The Dependent Minor Child of the FPDR Two Member shall be eligible to receive the benefit if the Member has no Surviving Spouse. If the Member has more than one Dependent Minor Child, the benefit shall be divided equally among them. If the FPDR Two Member has a Surviving Spouse and one or more Dependent Minor Children of a former marriage, one-half the benefit shall be paid to the Surviving Spouse. The other half shall be paid to the Dependent Minor Children until the last ceases to be a minor and then paid to the Surviving Spouse. Eligibility for death benefits after retirement shall be based on status as a Surviving Spouse or Dependent Minor Child at the date of the FPDR Two Member's death and without regard to a person's status at the time of the FPDR Two Member's retirement.

"* * * * *

"(c) Amount of Benefit. The benefit on death after retirement shall be 100 percent of the Member's retirement benefit. * * *

"* * * * *

"(e) Form of Benefit. The benefit shall be paid monthly commencing with the month after death and shall continue until the later of the death of the Surviving Spouse or the date the last Dependent Minor Child ceases to be a minor. The benefit shall be adjusted as provided in Section 5-312."

[4] Respondent contends that petitioner is precluded from claiming status as a surviving spouse because petitioner's death benefit case concluded otherwise and is preclusive on the issue of whether petitioner's husband was a "member" at the time of his death. *See In the Matter of Robyn Reister*, OAH Case No. 1504288 (Dec 16, 2016). We need not, and do not, address that argument here.

sworn employees of \*\*\* the Bureau of Police of the City of Portland \*\*\* and for the benefit of the Surviving Spouses and Dependent Minor Children of deceased sworn employees." She argues that sections 5-305 and 5-310 must be considered together with the general purpose of chapter 5 of the charter and "with the presumption that its drafters did not intend the harsh results that a literal application of the Sections would seem to require."

Petitioner's argument notwithstanding, "a court cannot subvert the plain meaning of a statute, even to avoid a supposedly absurd result." *Greenway v. Parlanti*, 245 Or App 144, 150, 261 P3d 69 (2011); *see also Brundridge v. Board of Parole*, 192 Or App 648, 656, 87 P3d 703, *rev den*, 337 Or 327 (2004) ("[W]here a term has an unambiguous meaning, the fact that it could lead to an absurd result does not justify interpreting it to mean something else."). Such maxims only appropriately come into play when there is more than one reasonable construction of the statute in question. *Folkers v. Lincoln County School Dist.*, 205 Or App 619, 626-27, 135 P3d 373 (2006) ("Although there is some precedent for construing ambiguous statutes so as to avoid absurd results, that maxim of construction is, under *PGE* [*v. Bureau of Labor and Industries*, 317 Or 606, 612, 859 P2d 1143 (1993)], applicable only if the intent of the legislature cannot be discerned from the statutory text and context or from the legislative history."). But, the text of the statute resolves our analysis and we are not permitted to resort to such maxims under the circumstances of this case.[5] Given that interpretation of the charter, we further conclude that the ALJ's order was supported by substantial evidence and that the circuit court likewise did not err by dismissing the petition for a writ of review.

Affirmed.

---

[5] We also note that, to the extent appellant was entitled to payment under the "death before retirement" benefit provision of the Portland City Charter, there would be no "absurd" result.